**Barbara J. FUTCH, Plaintiff,**

v.

**Michael P.W. STONE, Defendant.**

**No. 3:CV-90-0826.**

United States District Court,
M.D. Pennsylvania.

Jan. 13, 1992.

impression for this court. It should be noted that sections 109(c) and 402(b), which were included in the 1991 Act to ensure that earlier Supreme Court decisions overruled by the Act were not affected retroactively, have no bearing on the issue currently before the court.

Mark S. Love, Miller and Love, Mt. Pocono, Pa., for plaintiff.

John H. Belser, Office of the Judge Advocate General, Dept. of the Army, Arlington, Va., Robert R. Long, Jr., Asst. U.S. Atty., Scranton, Pa., for defendant.

## MEMORANDUM

McCLURE, District Judge.

*January 13, 1992*

## BACKGROUND

On April 27, 1990, plaintiff Barbara Futch filed this action under Title VII of the Civil Rights Act of 1964, as amended, alleging sex discrimination in her failure to be selected as Deputy Director of the Supply Directorate at the Tobyhanna Army Depot. Subsequent to a final pretrial conference, plaintiff filed a motion to amend her complaint to include requests for compensatory damages, interest and a jury trial under the recently enacted Civil Rights Act of 1991. Commencement of a non-jury trial has been deferred pending disposition of plaintiff's motion.

In support of her motion, plaintiff filed a one-paragraph brief and four pages of excerpts from the Congressional Record. She fails to cite any authority supporting her position. See Local Rule 401.8. Nor does she make any argument whatsoever regarding the retroactivity of the statute. *Id.*

While it appears that the court could deny plaintiff's motion based solely on the lack of authority and argument presented, in the interest of jurisprudence, the court will address the substantive issues presented by the motion. The question of whether the Civil Rights Act of 1991 ("Act" or "1991 Act") is applicable to cases pending when the Act was passed is one of first

## RETROACTIVITY

In order to determine whether the Civil Rights Act of 1991 is applicable to the instant action, the retroactive effect of the statute must first be determined. At present, there exists a tension in the law concerning the courts' interpretation of the possible retroactive effect of statutes.

In *Bowen v. Georgetown University*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Supreme Court stated:

Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.

*Id.* at 208, 109 S.Ct. at 471, 102 L.Ed.2d at 500 (citations omitted). However, in a previous decision the Supreme Court stated that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476, 488 (1974).

The Supreme Court noted the tension between these decisions in *Kaiser Aluminum v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), but declined to make any attempt to reconcile the inconsistencies. Instead, the court stated that it need not "reconcile the two lines of precedent, represented by *Bradley*, supra, and *Georgetown*, supra, because under either view, where Congressional intent is clear, it governs." *Kaiser Aluminum*, supra, at 837, 110 S.Ct. at 1577, 108 L.Ed.2d at 853 (citations omitted). Consequently, if the language or legislative history of the Civil Rights Act of 1991 clearly establishes an intent to apply or not to apply the Act retroactively, this court could also balk at

the opportunity to reconcile the two lines of precedent.[1]

*The Language of Section 102*

In *Van Meter v. Barr*, 778 F.Supp. 83 (D.D.C.1991), Judge Gesell denied a plaintiff's attempt to amend his Title VII complaint to include requests for compensatory damages, and a jury trial stating that "[b]y its terms, the statute seems to contemplate that only plaintiffs who have not yet brought their actions are entitled to invoke the new Act." *Id.* at 85.

In reaching this conclusion, Judge Gesell relied on the Act's definition of "complaining party". Section 102(d)(1)(A) defines a complaining party as the "Equal Employment Opportunity Commission, the Attorney General, or *a person who may bring an action* or proceeding under Title VII of the Civil Rights Act of 1964." Judge Gesell reasoned that the use of the words "may bring" manifested an intent to apply the Act only to cases which have not yet been brought. Based on this premise, he held that since the language of the statute contemplates that only plaintiffs who have not yet brought their actions are entitled to invoke the Act, a federal employee who has already filed a judicial action may not seek remedies created by the Act. This court, however, is not persuaded by Judge Gesell's reading of Section 102, and believes the section to be neutral as to retroactivity.

*Legislative Intent*

The government argues that the legislative history of the Act clearly evidences an intent on the part of Congress to apply the statute prospectively, rather than retroactively.

As stated in the government's brief:

Senator Danforth, the Act's chief sponsor, expressed an unmistakable understanding that the Act would not be retroactively applied. In remarks on the Senate floor, Senator Danforth stated:

My review of Supreme Court case law supports my reading that in the absence of an explicit provision to the contrary, no new legislation is applied retroactively. Rather, new statutes are to be given prospective application unless Congress explicitly directs otherwise, *which we have not done in the instant case.*

137 Cong.Rec. S15483 (daily ed. Oct. 30, 1991) (emphasis added). The Senator also submitted, on behalf of the Act's sponsors, an interpretive memorandum that reiterated that view. Addressing the bill's effective date, the memorandum concluded that "this legislation ... shall not apply retroactively." *Id.* at S15, 485. *See also Id.* at S15, 478 (statement of Senator Dole) (the Act's provisions "will not apply to cases arising before the effective date of the Act"); ... *Id.* at S15, 493 (statement of Senator Murkowski) ("I have been informed by the sponsors of this legislation that their intent is that the bill not apply retroactively. I strongly support this intent").

This quote, however, is extremely misleading. The legislative history is not as clear as the government would have the court believe. Aware that courts often rely on legislative history in statutory construction, numerous politicians with diverse positions as to the retroactivity of the Act made every effort to place their views on the congressional record.[2] In an attempt to resolve the debate, Senators Kennedy and Danforth, co-sponsors of the Act, formulated a compromise.

---

**1.** Nevertheless, the court does find Justice Scalia's concurrence urging the Supreme Court to overrule *Bradley* and a predecessor decision extremely compelling. *Kaiser Aluminum,* supra, 494 U.S. at 840–48, 110 S.Ct. at 1579–82, 108 L.Ed.2d at 856–67 (Scalia, J., concurring); *see Alpo Petfoods, Inc. v. Ralston Purina Co.,* 913 F.2d 958, 963–64 n. 6 (D.C.Cir.1990) (adopting the view of Justice Scalia).

**2.** The court notes that it appears that most of the debate on retroactivity focused on rights which were supposedly "taken away" by recent Supreme Court decisions. Significantly, the section of the Act which plaintiff attempts to invoke does not involve any such rights. The rights to compensatory damages, interest and a jury trial are all newly created rights.

## INTERPRETATIVE MEMORANDUM

### MR. DANFORTH.

Mr. President, I am pleased that Senator KENNEDY has agreed with almost all of the original cosponsors, interpretative memorandum. I understand that he questions only the discussion in our memorandum that the original cosponsors, who are the authors of the effective date provision, do not intend for the bill to have any retroactive effect or application.

My review of Supreme Court case law supports my reading that in the absence of an explicit provision to the contrary, no new legislation is applied retroactively. Rather, new statutes are to be given prospective application only, unless Congress explicitly directs otherwise, which we have not done in this instance. Support for this proposition is derived from Justice Scalia's concurring opinion in *Kaiser Aluminum & Chemical Corp. v. Bonjorno* [494 U.S. 827], 110 S.Ct. 1570, 1579 [108 L.Ed.2d 842] (1990), and the unanimous opinion of the Supreme Court in *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208 [109 S.Ct. 468, 471, 102 L.Ed.2d 493] (1988) and the numerous cases cited by Justice Kennedy in *Bowen*.

I acknowledge that there appear to be two cases that do not adhere to this principle but instead support retroactive application of new statutes in the absence of "manifest injustice." *Bradley v. Richmond School Board*, 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974); *Thorpe v. Housing Authority of Durham*, 393 U.S. 268 [89 S.Ct. 518, 21 L.Ed.2d 474] (1969). The sponsors disapprove of these cases.

Our intention in drafting the effective date provision was to adhere to the principle followed by the vast majority of Supreme Court cases and exemplified by Bowen and Justice Scalia's concurrence in Bonjorno.

Subsection 22(b), regarding certain disparate impact cases, is intended only to provide additional assurance that the provisions of the bill will not be applied to certain cases that fit the provisions of that subsection. It should not be read in derogation of the sponsors' intention not to provide for retroactive effect or application as expressed in subsection 22(a) of the bill.

\*    \*    \*    \*    \*    \*

## SECTION 22: EFFECTIVE DATE

The bill provides that, unless otherwise specified, the provisions of this legislation shall take effect upon enactment and shall not apply retroactively. John C. Danforth, William S. Cohen, Mark O. Hatfield, Arlen Specter, John H. Chafee, Dave Durenberger, James M. Jeffords.

### MR. KENNEDY.

Mr. President, as the principal Democratic sponsor of the Danforth–Kennedy substitute amendment, I want to state my agreement with the views set forth in Senator DANFORTH's interpretive memorandum.

I would also like to state, however, my understanding with regard to the bill's effective date. Section 22 of the bill states that "[e]xcept as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." Section 22(b) provides that nothing in the act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983.

It will be up to the courts to determine the extent to which the bill will apply to cases and claims that are pending on the date of enactment. Ordinarily, courts in such cases apply newly enacted procedures and remedies to pending cases. That was the Supreme Court's holding in *Bradley v. Richmond School Bd.*, 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

And where a new rule is merely a restoration of a prior rule that had been changed by the courts, the newly restored rule is often applied retroactively, as was the case with the Civil Rights Restoration Act of 1988. That is what the courts have held in *Leake v. Long Island Jewish Medical Center*, 695 F.Supp. 1414 (E.D.N.Y.1988), aff'd, 869 F.2d 130 (2d Cir.1989), *Ayers v. Allain,*

893 F.2d 732 (5th Cir.1990), and *Bonner v. Arizona Department of Corrections,* 714 F.Supp. 420 (D.Ariz.1989). But see *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.,* 911 F.2d 1377 (10th Cir.1990). It was with that understanding that I agreed to be the principal Democratic sponsor of the Danforth–Kennedy substitute.

137 Cong.Rec. S15483–85 (daily ed. Wednesday October 30, 1991).

While the wisdom of this compromise appeals to the court's pragmatic side, it creates somewhat of a theoretical dilemma where the intent of Congress is concerned. Initially, it would seem that legislative intent as to retroactivity would be very clear where the issue has occupied so much of the Congress' time and effort. However, in the instant matter, the intent of Congress is to apply the Act retroactively only if this court accepts the rule espoused in *Bradley* over the *Georgetown* rule. Similarly, the intent of Congress is to apply the Act prospectively only if this court accepts the rule espoused in *Georgetown* over the *Bradley* rule. This would necessarily substitute this court's judgment for that of Congress. Needless to say, this would place the court in the unsavory role of superlegislator. Fortunately, this court need not attempt to resolve this quandary today.

## SOVEREIGN IMMUNITY

As a sovereign, the United States is immune from suit and can be sued only in matters for which Congress has waived immunity. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 4769–70, 85 L.Ed. 1058 (1940). The doctrine of sovereign immunity bars a federal employee plaintiff in a Title VII case from attaching claims for damages made available by the 1991 Act onto a complaint already pending in United States District Court. As stated by Judge Gesell in *Van Meter:*

> Unlike private Title VII discrimination cases, which may be brought directly into the United States District Court irrespective of whether or not the plaintiff has first pursued administrative reme-

dies with the employer, *see Johnson v. Greater South East Hospital Corp.,* 951 F.2d 1268 (D.C.Cir.1991), in Title VII cases against the federal government, the United States has conditioned the waiver of its sovereign immunity on the requirement that the plaintiff first raise his or her discrimination grievances with the agency. *See* 42 U.S.C. § 2000e–16(c); *Brown v. GSA,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). This notable difference between Title VII cases against private and federal employers was not altered by the 1991 Act.... Accordingly, to allow Title VII plaintiffs simply to tack claims for compensatory damages onto complaints already pending in U.S. District Courts would, as a practical matter, deprive the United States of its opportunity to resolve claims for monetary damages at the administrative level, and would, as a legal matter, impermissibly broaden the jurisdiction of the federal courts to include claims that, contrary to the limited scope of the federal government's waiver of sovereign immunity in this area, had not followed the administrative track still required by Title VII as a prerequisite to judicial action in federal employment cases. *Cf. Brown v. GSA,* 507 F.2d 1300, 1306–07 (2d Cir.1974) (finding that Congress has effectively waived sovereign immunity only for those cases that have properly pursued the administrative remedies provided in the statute), *aff'd,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

*Van Meter v. Barr,* supra, at 85.

Consequently, plaintiff's motion to amend her complaint to include claims for compensatory damages and interest and a request for a jury trial, pursuant to section 102 of the Civil Rights Act of 1991, will be denied. *Cf. Mojica v. Gannett Co.,* 779 F.Supp. 94 (N.D.Ill.1991) (applying *Bradley,* supra, and considering: 1) the nature and identity of the parties; 2) the nature of the rights affected; and 3) the impact of the change in law on pre-existing rights, Judge Hart held that retroactive applica-

tion of the 1991 Act would not amount to a manifest injustice).