**Mary Louise TAYLOR, Plaintiff,**

v.

**The NATIONAL GROUP OF COMPANIES, INC., et al., Defendants.**

**No. 3:89 CV 7009.**

United States District Court, N.D. Ohio, W.D.

March 6, 1992.

Bruce Comley French, Lima, Ohio, for plaintiff.

Jerry Johnson, Lima, Ohio, Glenn Wasielewski, Toledo, Ohio, for defendants.

## MEMORANDUM AND ORDER

CARR, United States Magistrate Judge.

This is a civil rights case in which the parties have consented to the entry of judgment by the undersigned. Pending is plaintiff's renewed motion to empanel a jury and allow the award of compensatory and punitive damages. For the reasons stated below, plaintiff's motion shall be denied.

On January 5, 1989, plaintiff filed the present action alleging, among other things, violation of Title VII of the Civil Rights Act of 1964, as amended. On November 25, 1990, plaintiff filed a motion for jury trial and to allow the award of compensatory and punitive damages pursuant to the recently enacted Civil Rights Act of 1991 (1991 Act).

■ In order to determine whether the 1991 Act is applicable to the present action, the retroactive effect of the statute must first be determined. In order to ascertain whether the 1991 Act applies retroactively, the Court must look first to the language of the statute itself. "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990). Unfortunately, the language of the 1991 Act is not clear on this issue. The section dealing with the effective date of the statute states:

(a) In General—Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment.

(b) Certain Disparate Impact Cases—Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983.

Civil Rights Act of 1991, § 402.

Subsection (a) provides no guidance regarding the application of the 1991 Act to pending cases. Importantly, subsection (b) was included to insure that the provisions of the 1991 Act concerning disparate impact cases did not apply to the litigants in *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). *See* 137 Cong.Rec. S15953, S15963 (Daily ed. Nov. 5, 1991). Therefore, no inference can be drawn from subsection (b) regarding the general retroactivity of the 1991 Act. In fact, any inference drawn from the ambiguous statutory language alone would be mere speculation.

Furthermore, a review of the legislative history does not provide any direction as to whether the 1991 Act should be applied retroactively. In an effort to provide a cohesive legislative history, the primary sponsors of the 1991 Act in the Senate, Senators Danforth and Kennedy, issued a joint "interpretive memorandum", in which they agreed on virtually every issue except retroactivity. *See* 137 Cong.Rec. S15483 (Daily ed. Oct. 30, 1991). The legislative history regarding retroactivity is partisan

and inconclusive. Senator Danforth at one time stated that "new statutes are to be given prospective application only, unless Congress explicitly directs otherwise, which we have not done in this instance." 137 Cong.Rec. S15483 (Daily ed. Oct. 30, 1991). Senator Kennedy expressed disagreement with this view, stating, "It will be up to the courts to determine the extent to which the bill will apply to cases and claims that are pending on the date of enactment. Ordinarily, courts in such cases apply newly enacted procedures and remedies to pending cases." 137 Cong. Rec. S15485 (Daily ed. Oct. 30, 1991). No consensus was ever reached by either the House or the Senate on this issue. Therefore, retroactivity cannot be determined based on legislative history.

■ Because both the language of the 1991 Act and the legislative history are unclear, this Court must look toward general rules of statutory interpretation to determine whether the 1991 Act should apply retroactively or prospectively. Unfortunately, there is conflicting precedent on this issue. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). One line of cases suggests that legislation will not have a retroactive effect unless its language specifically requires retroactivity. *See Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). Another line of cases indicates that legislation taking effect during the pendency of a case is presumed to apply to that case unless there is clear congressional intent to the contrary, or application of the law retroactively would result in a manifest injustice to one of the parties. *See Bradley v. School Board of City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). Although the Supreme Court in *Kaiser* recognized the existence of tension between *Bowen* and *Bradley*, it did not reconcile the cases. *Kaiser* was ultimately decided on the basis of legislative intent. Consequently, the Supreme Court was not forced to choose among conflicting precedent, and it declined to do so voluntarily. *Kaiser Aluminum & Chemical Corp.*

*v. Bonjorno*, 494 U.S. at 837, 110 S.Ct. at 1577.

■ The Sixth Circuit, however, has been forced to choose between "the broad statement of law in *Bradley* and the recent reaffirmation in *Bowen* of the general rule against retroactive application." *United States v. Murphy*, 937 F.2d 1032, 1037 (6th Cir.1991). In *Murphy*, the Sixth Circuit chose to follow the *Bowen* line of reasoning by holding that absent clear language or legislative history, an amendment to the False Claims Act could not be applied retroactively. *Id.* at 1038. In reaching this decision, the Court noted that even before *Bowen*, the Supreme Court had failed to follow *Bradley* in *Bennett v. New Jersey*, 470 U.S. 632, 105 S.Ct. 1555, 84 L.Ed.2d 572 (1985). The Court then noted that it had followed *Bennett* rather than *Bradley* in *Boddie v. American Broadcasting Companies*, 881 F.2d 267 (6th Cir.1889), in which it stated:

> More recent decisions, however, make clear that *Bradley* represents a relatively narrow exception to the general "principle that statutes operate only prospectively," a notion "familiar to every law student." These post-*Bradley* cases have reaffirmed the "venerable rule ... that statutes affecting substantive rights and liabilities are presumed to have only prospective effect."

*U.S. v. Murphy*, 937 F.2d at 1037 (quoting *Boddie v. American Broadcasting Companies*, 881 F.2d at 270).

This Court will follow the Sixth Circuit and apply *Bowen*. Because *Bowen* is a more recent case, it is more likely to reflect the views of the current Supreme Court. Moreover, Justice Scalia stated in his recent concurrence in *Kaiser*, that the rule found in *Bradley* was "wrong". He would have concluded that absent a clear indication to the contrary, the operation of legislation is prospective only. *Kaiser*, 494 U.S. at 841, 110 S.Ct. at 1579. Several Circuits have followed Justice Scalia's lead. *See DeVargas v. Mason & Hanger–Silas Mason Co.*, 911 F.2d 1377, 1392 (10th Cir. 1990); *Alpo Petfoods, Inc. v. Ralston Pu-*

*rina Co.*, 913 F.2d 958, 964 (D.C.Cir.1990); *Sargisson v. U.S.*, 913 F.2d 918, 923 (Fed. Cir.1990). Finally, the Supreme Court's statement in *Bowen,* is in reality just a reaffirmation of the long standing presumption of prospective application. *See Kaiser,* 494 U.S. at 837, 110 S.Ct. at 1577. Consequently, it is the sounder of the two precedents, and should be followed in the absence of clear legislative intent to the contrary.

This conclusion is supported by a recent policy statement issued by the Equal Employment Opportunity Commission (EEOC). The EEOC issued a notice declaring that it will follow *Bowen,* and that the compensatory and punitive damage provisions of the 1991 Act do not apply to cases pending on the effective date of the 1991 Act, or to conduct occurring before that date. EEOC Notice No. 915.002 (Dec. 27, 1991).

██ In general, policy guidelines issued by an agency responsible for enforcing a statute are entitled to deference. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). Although the status of the EEOC in this regard has recently been called into question. *See EEOC v. Arabian American Oil Co.,* — U.S. —, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). The EEOC's interpretation remains persuasive, if not controlling on this issue. *Id.* 111 S.Ct. at 1235.

In addition, this Court is aware of thirteen other federal District Court decisions dealing with the retroactive application of the 1991 Act. Eight of these hold that the 1991 Act should not be applied retroactively. *Johnson v. Rice,* 1992 WL 16284 (S.D.Ohio January 24, 1992); *Khandelwal v. Compuadd Corp.,* 780 F.Supp. 1077 (E.D.Va.1992); *Futch v. Stone,* 782 F.Supp. 284 (M.D.Pa.1992); *Sorlucco v. New York City Police Dept.,* 780 F.Supp. 202 (S.D.N.Y.1992); *Van Meter v. Barr,* 778 F.Supp. 83 (D.D.C.1991); *Hansel v. Public Service Co.,* 778 F.Supp. 1126 (D.Colo. 1991); *Alexander v. AMP, Inc.,* 57 FEP Cases (BNA) 768 (W.D.Penn. December 5, 1991); *James v. American International*

*Recovery, Inc.,* 1991 WL 281734, 1991 U.S.Dist. LEXIS 18408 (N.D.Ga. December 3, 1991). Although some of these decisions merely state the conclusion that the 1991 Act does not apply retroactively, many of these courts base their decision on analysis similar to the one presented above.

Five District Courts have held that the 1991 Act does apply retroactively. *Guess v. City of Portage,* 1992 WL 8722 (N.D.Ind. January 14, 1992); *Stender v. Lucky Stores, Inc.,* 780 F.Supp. 1302 (N.D.Cal. 1991); *King v. Shelby Medical Center,* 779 F.Supp. 157 (N.D.Ala.1991); *LaCour v. Harris County,* 57 FEP Cases (BNA) 622 (S.D.Tex. December 6, 1991); *Monjica v. Gannett Co.,* 779 F.Supp. 94 (N.D.Ill.1991). The majority of these courts decided to apply the 1991 Act retroactively because they found that the *Bradley* line of precedent was applicable, either because their Circuit had previously adopted *Bradley* or because they considered it to be the sounder precedent. As discussed above, this court and the Sixth Circuit have rejected a broad reading of *Bradley* in favor of the *Bowen* line of cases.

For all the foregoing reasons, it is therefore

ORDERED THAT plaintiff's renewed motion to empanel a jury and to allow the award of compensatory and punitive damages is denied.

So ordered.