David DeHERRERA, Plaintiff,

v.

M.P.W. STONE, Secretary of the Army, Defendant.

No. CIV 91–272 TUC JMR.

United States District Court, D. Arizona.

July 16, 1992.

---

Daniel D. Maynard, Jeffrey C. Brodin, Mark Van Vleet, Phoenix, Ariz., for plaintiff.

Eugene R. Bracamonte, Anne M. Gulyassy, Sylvia T. Kaser, Dept. of Justice, Civ. Div., Washington, D.C. (Captain Amy M. Frisk, U.S. Army Litigation Center, Office of the Judge Advocate Gen., Arlington, Va., of counsel), for defendant.

---

## OPINION AND ORDER

ROLL, District Judge.

On May 15, 1991, David DeHerrera filed a complaint alleging employment discrimination prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

Plaintiff has filed a motion to amend his complaint. Plaintiff seeks to invoke several provisions of the Civil Rights Act of 1991 (Act), specifically those provisions which (1) enlarge the time within which plaintiffs may file civil actions pursuant to § 114(1) of the Act;[1] (2) permit the award of expert witness fees pursuant to § 113 of the Act;[2] and (3) allow the award of interest on employment benefits which plaintiff was denied pursuant to § 114(2) of the Act.[3] Plaintiff also seeks to enlarge the class of individuals allegedly affected by the discrimination.[4]

The parties agree that the 1991 Civil Rights Act was passed after plaintiff's complaint was filed. Whether the 1991 Civil Rights Act applies to plaintiff's case depends upon whether the Act is properly applied retroactively or only prospectively.

1. Codified at 42 U.S.C. § 2000e–16(c).

2. Codified at 42 U.S.C. § 2000e–5(k).

3. Codified at 42 U.S.C. § 2000e–16(d).

4. Although plaintiff's complaint sought to extend "national origin" to "ethnicity", "race", and

## Judicial Precedent re: Retroactivity

Prior to 1969, the Supreme Court followed the rule that statutes were to be applied only prospectively unless the statute's language expressly provided otherwise. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 842, 110 S.Ct. 1570, 1579, 108 L.Ed.2d 842 (1990) (Scalia, J., concurring); *Mozee v. Am. Commercial Marine Serv. Co.*, 963 F.2d 929, 933 (7th Cir.1992). In Justice Scalia's concurring opinion in *Bonjorno*, he observes that the presumption of prospective application is well rooted in history and tradition. 494 U.S. at 855, 110 S.Ct. at 1586.

However, in 1969, the Supreme Court departed from this traditional approach. In *Thorpe v. Housing Auth. of Durham*, 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969), the Court applied what it called the "general rule ... that an appellate court must apply the law in effect at the time that it renders its decision." Later, in *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974), the Court repeated that new statutes are to be given retroactive effect "unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary."

More recently, however, the vitality of *Bradley* and *Thorpe* has been undermined by *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). There, Justice Kennedy, writing for a unanimous court, stated:

> Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.[5]

Several circuits have followed the restrictive approach to retroactivity espoused in *Bowen*. *See Leland v. Fed. Ins. Adm'r*,

"color", plaintiff has withdrawn this request insofar as "ethnicity" is concerned.

5. Of course, if congressional intent is clear, that intent governs. *Bonjorno*, 494 U.S. at 837, 110 S.Ct. at 1576.

934 F.2d 524, 527 (4th Cir.1991); *United States v. Murphy,* 937 F.2d 1032, 1036–38 (6th Cir.1991); *Simmons v. Lockhart,* 931 F.2d 1226, 1230 (8th Cir.1991); *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.,* 911 F.2d 1377, 1390 (10th Cir.1990); *Sargisson v. United States,* 913 F.2d 918, 923 (Fed.Cir.1990); *Alpo Petfoods, Inc. v. Ralston Purina Co.,* 913 F.2d 958, 963 n. 6 (D.C.Cir.1987) (Thomas, J.).

Generally speaking, Ninth Circuit precedent has mirrored the ambivalence present in Supreme Court precedents regarding retroactivity. *Compare Gonzalez v. Aloha Airlines, Inc.,* 940 F.2d 1312, 1316 (9th Cir.1991) (statute of limitations given retroactive effect inasmuch as no manifest injustice would result therefrom and there is no statutory direction or legislative history to the contrary) *and Northern Mariana Island v. Kawano,* 917 F.2d 379, 381–82 (9th Cir.1990) (retroactivity is the general rule absent manifest injustice) *with Norfolk Energy, Inc. v. Hodel,* 898 F.2d 1435, 1442 (9th Cir.1990) (express statement of congressional intent required for retroactivity, citing *Bowen* ) *and Nelson v. Ada,* 878 F.2d 277, 280 (9th Cir.1989) (general rule is that legislative enactments apply prospectively only). As Judge Posner recently observed in *Luddington v. Indiana Bell Tel. Co.,* 966 F.2d 225, 227 (7th Cir. 1992), "the courts do not have a consistent rule for deciding whether a statute shall be given retroactive, or merely prospective, effect when the statute does not say."

Legislative Intent regarding 1991 Civil Rights Act

The legislative history of the 1991 Civil Rights Act does not clearly indicate whether the Act is to be given retroactive application. Diametrically opposed interpretations of the legislative history are the strongest evidence of this fact. In *Fray v. Omaha World Herald Co.,* 960 F.2d 1370 (8th Cir. 1992), the Eighth Circuit held that the history of the Act indicates that the Act should be given prospective-only application. As support for this proposition, the Eighth Circuit pointed out that after President Bush vetoed the proposed 1990 Civil Rights Act, based, in part, on a provision making the 1990 Act retroactive, Congress was unable to override the veto. The 1991 Civil Rights Act deleted the objectionable retroactivity provision.

However, in *Mozee v. Am. Commercial Marine Serv. Co.,* 963 F.2d 929 (7th Cir. 1992), the Seventh Circuit emphasized that when the Bush Administration proposed prospective-only language for the 1991 Civil Rights Act, this language was also rejected. *Mozee,* at 933. As the Eighth Circuit observed in *Fray,* an examination of the congressional debate surrounding the Act offers little insight into legislative intent, because both sides inserted self-serving "expectations" regarding retroactive application of the Act. *Fray* at 1376. In *Mozee,* the Seventh Circuit concluded that a clear indication of congressional intent cannot be deciphered from the legislative history or the Act's language. *Mozee,* at 934. *See also Vogel v. Cincinnati,* 959 F.2d 594 (6th Cir.1992).

Statutory Construction

Plaintiff argues that because § 402(a) of the Act states that the Act "shall take effect upon enactment," retroactive application is required. In *Mozee* the Seventh Circuit disagreed, suggesting that this provision is ambiguous and could mean that the Act applies only to conduct occurring after enactment, or to cases filed after enactment, or to all pending cases.

Plaintiff contends that because § 402(b) of the Act excludes from retroactive application disparate impact cases occurring prior to 1975 and filed prior to 1983, retroactive application was intended in all other respects. However, this provision has been construed as merely evidencing congressional intent that *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), not be affected by the 1991 Civil Rights Act. *Mozee,* 963 F.2d at 933.

Plaintiff also suggests that because § 109(c) of the Act specifically states that this section "shall not apply with respect to conduct occurring before the date of the enactment of this Act," all other sections of the Act must necessarily have been intended to be given retroactive application. This

provision, however, has been interpreted by at least one court as simply an acknowledgement that Congress was uncertain as to the application the courts would give to the Act and, therefore, certainty as to this provision was required. *Mozee* at 933.

Ninth Circuit Case Law

In deciding the retroactivity of the 1991 Civil Rights Act, most district courts within the Ninth Circuit have thus far concluded that the Act is retroactive. *See, e.g., Lee v. Sullivan,* 787 F.Supp. 921 (N.D.Cal.1992); *United States v. Dept. of Mental Health,* 785 F.Supp. 846 (E.D.Cal.1992); *Sanders v. Culinary Workers Union Local No. 226,* 783 F.Supp. 531 (D.Nev.1992); *Stender v. Lucky Stores, Inc.,* 780 F.Supp. 1302 (N.D.Cal.1992). *But see Benitez v. Portland Gen. Elec.,* CV No. 91–864–PA, 1992 WL 135566, 1992 U.S.Dist. LEXIS 5259 (D.Or. Feb. 26, 1992).

Prospective Application is Required

■ Notwithstanding the above-cited decisions of other district courts within the Ninth Circuit, prospective application of the Act appears to be more consistent with recent Supreme Court pronouncements. Courts in other jurisdictions have declined to apply the Act retroactively. *See, e.g., Huey v. Sullivan,* No. 91–2908, 1992 WL 105393 (8th Cir. May 21, 1992); *Fray; Futch v. Stone,* 782 F.Supp. 284 (W.D.Pa. 1992); *Mitchell v. Secretary of Commerce,* No. 82–3020(CRR), 1992 WL 10509 (D.D.C. Jan. 10, 1992). Additionally, in *Huey v. Sullivan,* No. 91–2908, 1992 WL 181142 (8th Cir. July 30, 1992), the Eighth Circuit held that the expert fee and interest provisions of the 1991 Civil Rights Act, for which plaintiff seeks retroactive application, are prospective-only. *See also Mitchell v. Secretary of Commerce,* No. 82–3020(CRR), 1992 WL 10509 (D.D.C. Jan. 10, 1992) (the interest provision of § 114 of the 1991 Civil Rights Act ruled to be prospective-only).

As the district court observed in *Futch,* applying statutes retroactively absent clear congressional intent casts the court in the "unsavory" role of superlegislator. 782 F.Supp. at 288. Accordingly, the 1991 Civil Rights Act should be given prospective application only. However, other compelling reasons also dictate this result.

EEOC Interpretation of Title VII

■ The interpretation of Title VII by the Equal Employment Opportunity Commission (EEOC) is to be given deference by the courts. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984); *Vogel,* 959 F.2d at 598. The EEOC has interpreted the 1991 Civil Rights Act as having prospective application only. *See Vogel,* 959 F.2d at 598.

Sovereign Immunity

A Title VII discrimination action against the government may only be maintained after a plaintiff has presented the grievances to the agency. 42 U.S.C. § 2000e–16(c). Some courts have concluded that to permit amendment of a complaint filed in district court so as to invoke retroactive application of the Act violates principles of sovereign immunity because the United States would be deprived of the opportunity for resolution at the administrative level. *See, e.g., Van Meter v. Barr,* 778 F.Supp. 83, 85 (D.D.C.1991); *Futch,* 782 F.Supp. at 288. It has been observed that "retroactivity is somewhat in tension with the elaborate regulatory scheme under Title VII" governing suits against the government. *Lee* at 936; *see also Futch,* 782 F.Supp. at 288; *Van Meter,* 778 F.Supp. at 85.[6]

Enlargement of Class

■ Plaintiff seeks to amend the complaint by extending the class of individuals from GS–9 through 13 to GS/GM 9 through 15 and to extend the allegation of discrimination from only "national origin" to discrimination based upon national origin, race, and color. The general policy is that a court should grant leave to amend quite liberally. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987).

---

**6.** Judge Brazille did, however, ultimately reject this contention, stating in *Lee* that the Ninth Circuit has applied statutes retroactively against the government in the face of similar arguments. *See, e.g., Bunch v. United States,* 548 F.2d 336, 340 (9th Cir.1977).

Plaintiff is given leave to amend his complaint to encompass individuals in grades GS/GM 9 through 15, and to include allegations of discrimination based on race and color.

### Conclusion

Plaintiff is given leave to amend his complaint so as to include individuals in grades GS/GM 9 through 15 and to include allegations of discrimination based on race and color. Plaintiff is denied leave to amend his complaint so as to enlarge the time within which plaintiffs may file civil actions, or to seek expert witness fees, or to seek interest, or to include any other provisions from the 1991 Civil Rights Act, for the reason that such amendments would be futile because the Act is not to be applied retroactively.

IT IS ORDERED:

. The Motion for Leave to File Amended Complaint is GRANTED IN PART. Plaintiff shall have twenty (20) days from the date of this Order to file an Amended Complaint which complies with this Order.