**Robert LEAKE, Plaintiff–Appellee,**

v.

**LONG ISLAND JEWISH MEDICAL CENTER, Defendant–Appellant.**

**No. 687, Docket 88–7815.**

United States Court of Appeals, Second Circuit.

Argued Jan. 23, 1989.

Decided By Order Jan. 24, 1989.

Opinion Filed Feb. 23, 1989.

David H. Diamond, New York City (Fredric C. Leffler, Howard Weingrad, Summit Rovins & Feldesman, New York City, of counsel), for defendant-appellant.

L. Donald Prutzman, Jr., New York City (Josiah Greenberg, Stecher Jaglom & Prutzman, New York City, of counsel), for plaintiff-appellee.

Ellen J. Vargyas, Janice Steinschneider, Nat. Women's Law Center, Washington, D.C., for amici curiae Nat. Women's Law Center, American Ass'n of Retired Persons, American Civil Liberties Union, Americans for Democratic Action, Inc., Church Women United, Coalition of Labor Union Women, Disability Rights Educ. and Defense Fund, Epilepsy Foundation of America, Jewish Women's Caucus, Justice for Women, Mental Health Law Project, Mexican American Legal Defense and Educational Fund, NOW Legal Defense and Educ. Fund, New York Civil Liberties Union, Older Women's League, People for the American Way, Project Equality, Inc., United Auto Workers Intern. Union, United Food and Commercial Workers Intern. Union, Women Employed, and Women's Legal Defense Fund.

Before MESKILL, PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of summary judgment in the United States District Court for the Eastern District of New York, Platt, *C.J.* Chief Judge Platt certified the order denying summary judgment pursuant to 28 U.S.C. § 1292(b) (Supp.IV 1986), and this Court granted permission to appeal.

We have previously affirmed the decision of the district court by summary order, and we now set forth an extended version of that order for publication.

Plaintiff Leake, who has one arm, was discharged from his employment at defendant Long Island Jewish Medical Center (LIJMC) in 1985. After pursuing his administrative remedies unsuccessfully, Leake filed this action in the district court in 1987. The amended complaint alleged that LIJMC had violated section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1982), by discriminating against Leake because of Leake's physical handicap. At the time the complaint was filed, the Supreme Court had interpreted section 504 to apply only to specific programs that received federal financial aid, and not to programs that received no federal financial aid, even if other programs within the same institution received federal financial aid. *Grove City College v. Bell*, 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984); *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984).

In 1988, however, Congress amended section 504 by passing the Civil Rights Restoration Act of 1987, Pub.L. No. 100–259, 102 Stat. 28, 29 (1988) (the 1988 amendments), which was designed to "overturn" the holding of the Supreme Court's decisions in *Grove City* and *Darrone.* *See* S.Rep. No. 64, 100th Cong., 2nd Sess. 2, *reprinted in* 1988 U.S.Code Cong. & Admin.News 3, 3–4. The Civil Rights Restoration Act mandates that any program in an institution that receives federal financial aid, no matter how specific the purpose or program for which that aid is given, must follow the guidelines of the Rehabilitation Act of 1973.

LIJMC argues that the 1988 amendments do not apply retroactively. The district court, however, held that Congress did intend the 1988 amendments to apply to suits pending at the time of their enactment, and that LIJMC is bound by the 1988 amendments in this instance.

We affirm the order of the district court and hold that LIJMC is subject to the provisions of the 1988 amendments, substantially for the reasons set out in Chief Judge Platt's opinion below, dated July 13, 1988, and reported at 695 F.Supp. 1414. We remand to the district court for further proceedings.