**James Reginald KIMBLE, Plaintiff,**

v.

**DPCE, INC., Defendant.**

Civ. A. No. 91–2290.

United States District Court,
E.D. Pennsylvania.

Feb. 13, 1992.

Leon W. Tucker, Philadelphia, Pa., for plaintiff.

Maureen M. Rayborn, Brian D. Pedrow, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, Pa., for defendants.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Plaintiff filed this action on April 9, 1991. The original complaint contained four counts against three different defendants. On November 6, 1991, this court dismissed much of the complaint, leaving only Count I in which plaintiff alleges that his employer, defendant DPCE, Inc., discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* On November 21, 1991, the Civil Rights Act of 1991, Pub.L. No. 102–166 (the "Act") was enacted. Plaintiff has now filed a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a), claiming that the Act applies retroactively to pending cases and that he is therefore entitled to a jury trial, compensatory damages and punitive damages as authorized by the Act. Defendant argues that the Act applies prospectively only, and that plaintiff's motion to amend should therefore be denied as futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (leave to amend is denied when amendment sought is futile). For the reasons stated below, plaintiff's motion is denied.

No court from this circuit has yet decided whether the Act applies retroactively, and there is currently a split of authority among courts outside of this circuit[1]. Under general principles of statutory construction, it is well established that "where the congressional intent is clear, it governs." *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). However, as the split of authority indicates, the congressional intent is far from clear in the present case. To begin with, the Act's language is inconclusive. While it contains provisions forbidding retroactive application in certain circumstances, thus implying that the remainder of the Act is retroactive, *see* §§ 109(c), 402(b), other sections of the Act define a "complaining party" as one who is "seeking to bring an action" or "who may bring an action," thus suggesting a prospective application. *See* §§ 102(d)(1), 104. Further, it is obvious from the legislative history that Congress could not agree on the retroactivity issue. The legislative history contains several declarations that the retroactivity implication mentioned above was not intended. *See* Defendant's Sur–Reply at 6–7 (citations therein). There are also numerous statements from various senators and representatives, with some claiming that the Act applies prospectively while others claim that it applies retroactively. Given these circumstances, I find that the congressional intent is not clear.

Unfortunately, precedent does not provide a clear rule of statutory construction to deal with the present situation. In *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), the Supreme Court of the United States recognized an "apparent tension" between two lines of precedent. 110 S.Ct. at 1577. One line of cases holds

---

1. Some courts have held that the Act applies retrospectively, *see Stender v. Lucky Stores, Inc.,* 780 F.Supp. 1302 (N.D.Cal.1992); *King v. Shelby Medical Center,* 779 F.Supp. 157 (N.D.Ala.1991); *La Cour v. Harris County,* No. H–89–1532, 1991 WL 321020 (S.D.Tex., December 6, 1991); *Mojica v. Gannet Co.,* 779 F.Supp. 94 (N.D.Ill.1991), while others have held that it applies prospectively only, *see High v. Broadway, Inc.,* slip. op., C.A. No. 90–1066–CV–W–3, 1992 WL 33860 (W.D.Mo., Jan. 7, 1992); *Sorlucco v. New York City Police Department,* 780 F.Supp. 202 (S.D.N.Y.1992); *Van Meter v. Barr,* 778 F.Supp. 83 (D.D.C.1991); *Hansel v. Public Service Co. of Colorado,* 778 F.Supp. 1126 (D.Colo.1991); *James v. American Int'l Recovery, Inc.,* slip. op., C.A. No. 1:89–CV–321, 1991 WL 281734 (N.D.Ga. Dec. 3, 1991).

that a statute is to be given retroactive application unless it "would result in manifest injustice to one of the parties or there is clear congressional intent to the contrary." *Id.* (citing *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974)). A more recent line of Supreme Court cases, however, embraces the traditional rule that "[r]etroactivity is not favored in the law.... [C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.* (quoting *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988)). Although recognizing this "apparent tension," the Court in *Kaiser* did not attempt to resolve it since the statute at issue revealed a clear congressional intent. *Id.; but see Kaiser,* 110 S.Ct. at 1579 (Justice Scalia, concurring) (explains why *Bradley* was wrongly decided).

The Third Circuit Court of Appeals has expressed a position on this "apparent tension." Before it was appealed to the Supreme Court, the Third Circuit stated in *Bonjorno v. Kaiser Aluminum & Chemical Corp.,* 865 F.2d 566, 573 (3d Cir.1989), *rev'd in part,* 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990), that there is no inconsistency between *Bradley* and the "the long-standing rule of statutory construction that statutes are presumed to have only prospective effect ... The presumption against retroactivity has generally been applied only when application of the new law would affect rights or obligations existing prior to the change in law." The Third Circuit then cited several Supreme Court cases where the retroactive application of a statute was rejected as possibly infringing on a litigant's constitutional rights, and it stated that "[w]e apply the *Bradley* presumption in this case because to do so does not pose any constitutional problems." *Bonjorno* at 573.

■ However, in *Davis v. Omitowoju,* 883 F.2d 1155, 1170–71 (3d Cir.1989), the Third Circuit abandoned the issue of whether there were any constitutional problems in applying *Bradley's* retroactivity presumption. In *Davis,* the plaintiff brought a medical malpractice action, and one of the issues on appeal was whether the district court judge was wrong in refusing to apply the amended version of a cap statute retroactively when reducing the jury's verdict. *Id.* at 1157, 1170. As is true in the present case, the statute at issue contained some provisions which suggested a prospective application, and others which suggested a retrospective application. *Id.* at 1170. The Third Circuit found that "the canon that statutes operate prospectively ... [applies] to this case" and it implicitly refused to apply *Bradley's* retroactivity presumption. *Id.* While the court quoted *Bonjorno* for the rule that the prospectivity presumption "has generally been applied only when application of the new law would affect rights or obligations existing prior to the change in law," it said absolutely nothing about the existence of any constitutional problems with retroactivity. *Id.* at 1170–71. The court merely observed that the pre-amended version of the statute was in effect at the time the malpractice occurred, and concluded that "[t]hus the rights and obligations of the parties were predicated upon the [pre-amended] statute." *Id.* at 1171.

■ I believe *Davis* mandates that the presumption in favor of prospectivity applies to the present case. As in *Davis,* all relevant conduct in this case occurred at a time when the parties' rights and obligations were predicated upon the pre-amended statute. I recognize that both *Davis* and this opinion are rather scant on analysis in terms of resolving the tension between *Bradley* and *Bowen.* However, as the lower court, I am bound to follow controlling precedent and I am unable to distinguish this case from *Davis*[2]. Given the fact that Congress' intent is not clear, I find that the Act applies prospectively only.

■ Moreover, assuming that the *Bradley* presumption is still good law and applies to this case, I find that retroactive

---

**2.** I would note that Justice Scalia presents a forceful case for the idea that *Bradley* does not

rest on sound authority. *See Kaiser,* 110 S.Ct. at 1579 (Justice Scalia, concurring).

application of the Act will result in manifest injustice. Under *Bradley*, it is well settled that if retroactive application of a statute would result in a manifest injustice, a court is to apply the statute prospectively only. The factors which a court is to consider include "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon these rights." *Bonjorno*, 865 F.2d at 575 (quoting *Bradley*, 416 U.S. at 717, 94 S.Ct. at 2019). The first factor focuses on whether the matter is a private case between individuals or a matter of "great national concern, where individual rights ... are sacrificed for national purposes ..." *Id.* (quoting *United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801)). Although the protection of an individual's civil rights clearly implicates national interests, the alleged deprivation of civil rights in this case has already taken place. It is too late to protect plaintiff or deter defendant from discriminatory conduct. The only remaining issue is whether the retroactive application of the Act's provisions is a matter of significant national concern. I find that it is not. Any violation of plaintiff's civil rights will still be adequately redressed without retroactive application of the Act, and a prospective application will not subtract from the Act's deterrent effect on any would-be violators of Title VII.

The second factor concerns whether retroactive application would "infringe upon or deprive a person of a right that had matured or become unconditional." *Id.* (quoting *Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020). I can find no basis for an unconditional right in this case. The third factor, however, concerns "whether the new statutory obligation, if known, would have caused the defendant to alter its conduct." *Id.* (quoting *Cambell v. United States*, 809 F.2d 563, 576 (9th Cir.1987)). At all relevant times, defendant has relied on its old statutory obligations. Defendant was operating under a substantially different set of consequences during the time plaintiff was employed. In addition, I believe that there is some merit to defendant's argument that "the availability of this addition-

al liability would have significantly altered all subsequent proceedings and strategic decisions by [defendant], especially with regard to settlement strategy." Defendant's Response at 14. In other words, if defendant had known of its new obligations under the Act, it would have chosen a different course of conduct. In light of the first and third *Bradley* factors, I find that application of the Act's remedies to this case would result in manifest injustice.