Judith S. TYLER, Plaintiff,

v.

**COMMONWEALTH OF PENNSYLVA-NIA, DEPARTMENT OF REVENUE, Pennsylvania Lottery, and Governor's Office, Office of Administration, Defendants.**

No. 1:CV–91–1320.

United States District Court,
M.D. Pennsylvania.

June 4, 1992.

Lori K. Serratelli, Serratelli, Schiffman Goldberg & Brown, Harrisburg, Pa., for plaintiff.

Kate L. Mershimer, Sr. Deputy Atty. Gen., Office of Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

On October 7, 1991, plaintiff Judith S. Tyler filed this action under the Equal Pay Act 29 U.S.C. § 206(d) *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging sex discrimination. Tyler has filed a motion to amend her complaint to include requests for compensatory and punitive damages and a demand for a jury trial as authorized by Section 102 of the Civil Rights Act of 1991, Pub L. No. 102–166, 105 Stat. 1071–1100 ("Act" or "1991 Act"), which was enacted on November 21, 1991.

The question of whether the 1991 Act is applicable to cases pending at the time the Act was passed has plagued district courts for the past six months. Despite the numerous opportunities courts have been afforded to address this issue, no consensus opinion has developed. Although the three circuit courts which have had the opportunity to address this issue have all held that the Act has no retroactive effect, each court based its decision on a different rationale. *See Mozee v. American Commercial*

*Marine Service Company,* 963 F.2d 929 (7th Cir.1992) (based on general presumption of prospective application, the court held that the Act does not apply to case pending on appeal during its enactment); *Fray v. Omaha World Herald Company,* 960 F.2d 1370 (8th Cir.1992) (based on legislative intent, court held that Section 101 of the Act should not be applied to pending cases or other pre-enactment conduct); *Vogel v. The City of Cincinnati,* 959 F.2d 594 (6th Cir.1992) (based on the Equal Employment Opportunity Commission's policy statement that it would not seek damages under the 1991 Act for events occurring prior to its enactment, court held that the Act was not retroactive). It should be noted that each of these panel decisions of the circuit courts was accompanied by a dissenting opinion on the issue of retroactivity.

Much of the confusion as to the retroactive effect of the 1991 Act has been generated by an apparent conflict between two Supreme Court cases. In *Bowen v. Georgetown University,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Supreme Court stated:

> Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.

*Id.* at 208, 109 S.Ct. at 471 (citations omitted). However, in a previous decision the Supreme Court stated that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).

The Supreme Court noted the tension between these decisions in *Kaiser Alu-minum v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), but declined to make any attempt to reconcile the inconsistencies. Instead, the court stated that it need not "reconcile the two lines of precedent, represented by Bradley, supra, and Georgetown, supra, because under either view, where the congressional intent is clear, it governs." *Kaiser Aluminum,* supra, at 837, 110 S.Ct. at 1577 (citations omitted).[1]

To add to the confusion, after much debate as to the retroactive effect of the 1991 Act, Congress reached a compromise which effectively left the decision up to the courts.[2] The compromise was expressed on the Congressional Record by the cosponsors of the Act, Senators Kennedy and Danforth.

### INTERPRETATIVE MEMORANDUM

MR. DANFORTH.

Mr. President, I am pleased that Senator KENNEDY has agreed with almost all of the original cosponsors, interpretative memorandum. I understand that he questions only the discussion in our memorandum that the original cosponsors, who are the authors of the effective date provision, do not intend for the bill to have any retroactive effect or application.

My review of Supreme Court case law supports my reading that in the absence of an explicit provision to the contrary, no new legislation is applied retroactively. Rather, new statutes are to be given prospective application only, unless Congress explicitly directs otherwise, which we have not done in this instance. Support for this proposition is derived from Justice Scalia's concurring opinion in *Kaiser Aluminum & Chemical Corp. v. Bonjorno* [494 U.S. 827], 110 S.Ct. 1570, 1579 [108 L.Ed.2d 842] (1990), and

---

1. The court finds Justice Scalia's concurrence urging the Supreme Court to overrule *Bradley* and a predecessor decision extremely compelling. *Kaiser Aluminum,* supra, at 840–858, 110 S.Ct. at 1578–88 (Scalia, J., concurring); *see Alpo Petfoods, Inc. v. Ralston Purina Co.,* 913 F.2d 958, 963–64 n. 6 (D.C.Cir.1990) (adopting the view of Justice Scalia).

2. The court notes that it appears that most of the debate on retroactivity focused on rights which were supposedly "taken away" by recent Supreme Court decisions. Significantly, the section of the Act which plaintiff attempts to invoke does not involve any such rights. The rights to compensatory damages, interest and a jury trial are all newly created rights.

the unanimous opinion of the Supreme Court in *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 208 [109 S.Ct. 468, 471, 102 L.Ed.2d 493] (1988) and the numerous cases cited by Justice Kennedy in *Bowen.*

I acknowledge that there appear to be two cases that do not adhere to this principle but instead support retroactive application of new statutes in the absence of "manifest injustice." *Bradley v. Richmond School Board,* 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974); *Thorpe v. Housing Authority of Durham,* 393 U.S. 268 [89 S.Ct. 518, 21 L.Ed.2d 474] (1969). The sponsors disapprove of these cases.

Our intention in drafting the effective date provision was to adhere to the principle followed by the vast majority of Supreme Court cases and exemplified by *Bowen* and Justice Scalia's concurrence in *Bonjorno.*

Subsection 22(b), regarding certain disparate impact cases, is intended only to provide additional assurance that the provisions of the bill will not be applied to certain cases that fit the provisions of that subsection. It should not be read in derogation of the sponsors' intention not to provide for retroactive effect or application as expressed in subsection 22(a) of the bill.

    ＊    ＊    ＊    ＊    ＊    ＊

## SECTION 22: EFFECTIVE DATE

The bill provides that, unless otherwise specified, the provisions of this legislation shall take effect upon enactment and shall not apply retroactively. John C. Danforth, William S. Cohen, Mark O. Hatfield, Arlen Specter, John H. Chafee, Dave Durenberger, James M. Jeffords.

MR. KENNEDY.

Mr. President, as the principal Democratic sponsor of the Danforth–Kennedy substitute amendment, I want to state my agreement with the views set forth in Senator DANFORTH's interpretive memorandum.

I would also like to state, however, my understanding with regard to the bill's effective date. Section 22 of the bill states that "[e]xcept as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." Section 22(b) provides that nothing in the act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983.

It will be up to the courts to determine the extent to which the bill will apply to cases and claims that are pending on the date of enactment. Ordinarily, courts in such cases apply newly enacted procedures and remedies to pending cases. That was the Supreme Court's holding in *Bradley v. Richmond School Bd.,* 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

And where a new rule is merely a restoration of a prior rule that had been changed by the courts, the newly restored rule is often applied retroactively, as was the case with the Civil Rights Restoration Act of 1988. That is what the courts have held in *Leake v. Long Island Jewish Medical Center,* 695 F.Supp. 1414 (E.D.N.Y.1988), aff'd 869 F.2d 130 (2d Cir.1989), *Ayers v. Allain,* 893 F.2d 732 (5th Cir.1990), and *Bonner v. Arizona Department of Corrections,* 714 F.Supp. 420 (D.Ariz.1989). But see *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.,* 911 F.2d 1377 (10th Cir.1990). It was with that understanding that I agreed to be the principal Democratic sponsor of the Danforth–Kennedy substitute.

137 Cong.Rec. § 15483–85 (daily ed. Wednesday October 30, 1991).

## DISCUSSION

■ The Third Circuit is not among the few circuits which have had the opportunity to address the retroactive effect of the 1991 Act. Therefore, the question of the retroactivity of the 1991 Act is an open issue for this court. Although the district court opinions within this circuit appear to be evenly divided, this court finds the opinion of Judge Timothy K. Lewis in *Savko v. Port Authority of Allegheny County,* No.

87–2390, 1992 WL 110466 (W.D.Pa. May 22, 1992), to be the most well-reasoned opinion in the circuit. Noting that the Third Circuit has steadfastly clung to the *Bradley* presumption (see, e.g., *Wheeling–Pittsburgh Steel Company v. Interstate Commerce Commission,* 723 F.2d 346, 355 (3d Cir.1983)), and declined to even cite *Bowen* despite more than one-half dozen opportunities to do so, Judge Lewis determined that the doctrine of *stare decisis* requires the application of *Bradley* to the 1991 Act. *Savko v. Port Authority of Allegheny County,* supra, at 6. In *Bradley,* the Supreme Court held that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* supra 416 U.S. at 711, 94 S.Ct. at 2016. Since there is no clear legislative intent as to the retroactive effect of the Act, the *Bradley* presumption in favor of retroactivity will apply unless it would result in manifest injustice.

In determining whether manifest injustice will result from the retroactive application of a statute, the following factors must be considered: 1) the nature and identity of the parties; 2) the rights affected; and 3) the impact of the change in the law upon those rights. *Id.* at 717, 94 S.Ct. at 2019.

This case involves governmental entities as defendants, and, thus, is not a "routine private lawsuit." Accordingly, retroactive application is favored. *Id.* at 718, 94 S.Ct. at 2019. In addition, this case concerns allegations of sexual discrimination in the work place, which, through recent events, has become an issue of considerable national concern. *Savko v. Port Authority of Allegheny County,* supra, at 6. Consequently, the nature and identity of the parties as well as the issues involved justify retroactive application of the Act.

The court must now consider the nature of the rights involved. Plaintiff seeks only to amend her complaint to include requests for compensatory and punitive damages and a demand for a jury trial, all of which were made available under Title VII through the passage of the 1991 Act. The question here is whether the application of these new remedies will "infringe upon or deprive [the defendants] of a right that had matured or become unconditional". *Bradley v. Richmond School Board,* supra at 720, 94 S.Ct. at 2020. Since the changes in the law sought to be applied in the instant case affect only the level of damages, and not the legality of the conduct in question, it is altogether just to apply them to the instant case.[3] In addition, this court is at a loss as to how a jury trial rather than a bench trial could result in manifest injustice to the defendants.

Finally, the court must consider the impact of the change in the law upon the defendants' rights. This factor concerns "the possibility that new and unanticipated obligations may be imposed upon a party without notice or an opportunity to be heard." *Id.* at 720, 94 S.Ct. at 2021. As noted above, the relevant change in the law has no effect on the legality of the conduct in question. "Under both the old law and the new law, [the defendants] had every reason to expect that [their] alleged conduct would result in a federal lawsuit." *Savko v. Port Authority of Allegheny County,* supra, at 7.

Based on the foregoing, this court concludes that no manifest injustice will result from plaintiff being permitted to seek compensatory and punitive damages and to demand a jury trial as authorized by Section 102 of the Civil Rights Act of 1991. *See Sample v. Keystone Carbon Company,* 786 F.Supp. 527 (W.D.Pa.1992) (applying *Bradley,* court determined that no manifest injustice would result from the retroactive application of Sections 102 and 107 of the 1991 Act). *But see Thomas v. Frank,* 791 F.Supp. 470 (D.N.J.1992) (court held that application of the provisions of

---

**3.** It should be noted that had plaintiff pursued her claim under the Pennsylvania Human Relations Act, compensatory and punitive damages would have been available. 43 P.S. § 962; see *Gallo v. John Powell Chevrolet, Inc.,* 779 F.Supp. 804, 815–16 (M.D.Pa.1991).

Section 102 of the 1991 Act authorizing compensatory damages and the right to a jury trial would infringe upon the defendant's rights).