Robert N. COHEN

v.

Richard G. AUSTIN, Administrator,
General Services Administration.

Civ. A. No. 92–CV–5623.

United States District Court,
E.D. Pennsylvania.

June 28, 1993.

Dennis L. Friedman, Philadelphia, PA, for plaintiff.

David R. Hoffman, Lois W. Davis, Asst. U.S. Atty., Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The defendant, Richard G. Austin, Administrator, Government Services Administration, has filed a motion to strike the plaintiff's demand for a jury trial and compensatory damages in this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. The issue before this Court is whether the 1991 amendments to the Civil Rights Act of 1964, Pub.L. No. 102–166, 105 Stat. 1071 (1991), which allow for compensatory damages and a jury trial, apply retroactively as the alleged conduct in this action occurred prior to the effective date of these amendments. For the reasons that follow, the motion will be granted.

Sections 102(a)(1) and 102(c)(1) of the Civil Rights Act of 1991 ("the Act"), codified at 42 U.S.C.A. §§ 1981a(a)(1) and 1981a(c)(1), allow for compensatory and punitive damages and a jury trial in a Title VII action.[1] Prior to the Act, only equitable relief was allowed under Title VII.

Although the Third Circuit has not as yet addressed the retroactivity of the Act, eight circuit courts have ruled on the question with seven finding in favor of prospective application.[2] Likewise, the majority of courts in the

---

1. Section 102(a)(1) provides:
   [i]n an action brought by a complaining party under ... [Title VII] of the Civil Rights Act of 1964 ... against a respondent who engaged in unlawful intentional discrimination ..., the complaining party may recover compensatory and punitive damages....
   42 U.S.C.A. § 1981a(a)(1).
   Section 102(c)(1) provides, "[i]f a complaining party seeks compensatory or punitive damages under this section ... any party may demand a trial by jury[.]"
   42 U.S.C.A. § 1981a(c)(1).

2. *See Butts v. City of New York Dep't of Hous. Preservation and Dev't,* 990 F.2d 1397 (2d Cir. 1993); *Johnson v. Uncle Ben's, Inc.,* 965 F.2d 1363 (5th Cir.1992) (not retroactive); *Luddington v. Indiana Bell Tel. Co.,* 966 F.2d 225 (7th Cir. 1992) (not retroactive); *Fray v. Omaha World Herald Co.,* 960 F.2d 1370 (8th Cir.1992) (not retroactive); *Vogel v. City of Cincinnati,* 959 F.2d 594 (6th Cir.1992) (not retroactive); *Baynes v. AT & T Tech. Inc.,* 976 F.2d 1370 (11th Cir.1992) (not retroactive); *Gersman v. Group Health Ass'n*

Third Circuit which have addressed the issue of retroactivity have concluded that the Act should not apply retroactively.[3]

### 1. *Legislative Intent/History*

An analysis of both the language of the Act and its legislative history does not conclusively reveal whether retroactive application was intended. Language throughout the Act provides conflicting indications as to its retroactivity. Section 402(a) of the Act states "[e]xcept as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." Pub.L. No. 102–166, § 402(a), 105 Stat. 1099. This statement is not conclusive as it may be interpreted to mean the Act applies to "conduct which occurred after the enactment, ... [or] cases filed after the enactment, ... [or] all proceedings beginning after the enactment, ... [or] to all pending cases at any stage of the proceedings." *Mozee v. American Commercial Marine Service Co.*, 963 F.2d 929, 932 (7th Cir.1992); *Aiken v. Bucks Ass'n for Retarded Citizens, Inc.*, 799 F.Supp. 522, 527 (E.D.Pa.1992); *Kimble v. DPCE, Inc.*, 784 F.Supp. 250, 251 (E.D.Pa. 1992).

On the other hand, sections 109(c) and 402(b) contain language which explicitly forbids retroactive application of their provisions, which could indicate that other provisions of the Act should be applied retroactively by implication. However, courts have

found that these sections were so drafted merely to provide extra assurance that their provisions would only apply to post-enactment conduct.[4] *Aiken*, 799 F.Supp. at 527. Finally § 102(d), Pub.L. No. 102–166, § 102(d), 105 Stat. 1073, which in defining "complaining party" states "a person who may bring an action or proceeding under Title VII. . . ." could indicate the Act is only to apply to plaintiffs who have not as yet brought suit. *See Van Meter v. Barr*, 778 F.Supp. 83, 85 (D.D.C.1991). Because the provisions of the Act are susceptible to various reasonable interpretations, the language of the Act is ambiguous as to retroactivity.

Likewise, the Act's legislative history is inconclusive on the issue of retroactivity as it includes statements both supporting retroactive application, and adamant statements in favor of prospective application only. *See Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1372 (5th Cir.1992); *Mozee*, 963 F.2d at 934; *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir.1992). It has also been noted that President Bush's veto of the 1990 Civil Rights Act which was explicitly retroactive, is an indication for prospective application of the Act, but this is also not dispositive. *Fray v. Omaha World Herald Co.*, 960 F.2d 1370, 1378 (8th Cir.1992); *Savko v. Port Auth. of Allegheny County*, 800 F.Supp. 268, 271 (W.D.Pa.1992).

*Inc.*, 975 F.2d 886 (D.C.Cir.1992) (not retroactive). *But see Reynolds v. Martin*, 985 F.2d 470 (9th Cir.1993) (retroactive).

**3.** *See Parker v. DPCE, Inc.*, No. 91–4829, 1992 WL 501273, 1992 U.S.Dist. LEXIS 16921 (E.D.Pa. Nov. 4, 1992) (not retroactive); *Aiken v. Bucks Ass'n. for Retarded Citizens, Inc.*, 799 F.Supp. 522 (E.D.Pa.1992) (not retroactive); *Crumley v. Delaware State College*, 797 F.Supp. 341 (D.Del.1992) (not retroactive); *Savko v. Port Auth. of Allegheny County*, 800 F.Supp. 268 (W.D.Pa.1992) (retroactive); *Tyler v. Pennsylvania, Dep't of Revenue*, 793 F.Supp. 98 (M.D.Pa. 1992) (retroactive); *Haynes v. Glen Mills Schools*, No. 91–6905, 1992 WL 97904, 1992 U.S.Dist. LEXIS 6464 (E.D.Pa. May 6, 1992) (not retroactive); *Sample v. Keystone Carbon Co.*, 786 F.Supp. 527 (W.D.Pa.1992) (retroactive); *Thompson v. Johnson & Johnson Management Info. Center*, 783 F.Supp. 893 (D.N.J.1992) (not retroactive); *NAACP v. West Orange, N.J.*, 786 F.Supp. 408 (D.N.J.1992) (not retroactive); *Kim-*

*ble v. DPCE, Inc.*, 784 F.Supp. 250 (E.D.Pa.1992) (not retroactive); *Tyree v. Riley*, 783 F.Supp. 877 (D.N.J.1992) (not retroactive); *Futch v. Stone*, 782 F.Supp. 284 (M.D.Pa.1992) (not retroactive); *Sinnovich v. Port Auth. of Allegheny County*, No. 89–1524, 1991 WL 348046, 1991 U.S.Dist. LEXIS 20250 (W.D.Pa. Dec. 31, 1991) (not retroactive); *Thakkar v. Provident Nat'l Bank*, No. 90–3907, 1991 WL 274827, 1991 U.S.Dist. LEXIS 18753 (E.D.Pa. Dec. 17, 1991) (retroactive).

**4.** The explicit language against retroactivity in § 402(b) was meant to ensure it would not apply to *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). *See Mozee*, 963 F.2d at 933; *see also Aiken*, 799 F.Supp. at 527–28. While § 109(c) "specifically overrules *EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991), by providing that Title VII applies to U.S. citizens employed in foreign countries." *Fray v. Omaha World Herald Co.*, 960 F.2d 1370, 1376 (8th Cir.1992).

For these reasons, the Act's language and legislative history do not provide guidance as to whether the Act should apply retroactively.

### 2. *Supreme Court on Retroactivity*

There are two conflicting lines of case law from the Supreme Court on retroactive application of legislation emanating from *Bradley v. School Board of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) and *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). In *Bradley*, the Supreme Court held that a statute should be applied retroactively unless it would result in manifest injustice or there is clear legislative intent to the contrary. *Bradley*, 416 U.S. at 710, 94 S.Ct. at 2016. While in *Bowen*, the Supreme Court stated "[r]etroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen*, 488 U.S. at 208, 109 S.Ct. at 471. In *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), the Court, though recognizing this "apparent tension", did not take the opportunity to reconcile *Bradley* and *Bowen* as they resolved their issue on a finding of clear congressional intent. Justice Scalia's concurrence in *Kaiser* advocated prospective application of legislation unless there is a specific congressional intent to the contrary. *Id.* 494 U.S. at 840, 110 S.Ct. at 1579 (Scalia, J. concurring). Courts in the Third Circuit have found Justice Scalia's concurrence persuasive. *See e.g. Aiken*, 799 F.Supp. at 530; *Futch v. Stone*, 782 F.Supp. 284, 286 n. 1 (M.D.Pa.1992).

### 3. *The Third Circuit on Retroactivity*

The Third Circuit has followed both lines of Supreme Court case law on retroactivity. In *Davis v. Omitowoju*, 883 F.2d 1155 (3d Cir.1989), the Court stated that the presumption of prospective application "has generally been applied only when application of the new law would affect rights or obligations existing prior to the change in law" and said that the canon that statutes operate prospectively applied to that case. *Id.* at 1170 (quot-

ing *Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 865 F.2d 566, 573 (3d Cir.1989)). However, in *Air–Shields, Inc. v. Fullam*, 891 F.2d 63, 65 (3d Cir.1989) and *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 922 n. 9 (3d Cir.1990) the Third Circuit relied on the *Bradley* presumption and retroactively applied amendments to the Judicial Improvements Act and the Lanham Act, respectively.

Faced with the issue of the retroactivity of the Act, some courts in the Third Circuit have applied the *Davis* rule and found that the Act should apply prospectively only. *See Aiken*, 799 F.Supp. at 531–32; *Tyree v. Riley*, 783 F.Supp. 877, 884 (D.N.J.1992); *Thompson v. Johnson & Johnson Management Info. Center*, 783 F.Supp. 893, 897 (D.N.J.1992); *Kimble*, 784 F.Supp. at 252. Courts in this circuit have also applied the *Bradley* presumption and after finding manifest injustice would result, similarly found that the Act should only apply prospectively as well. *Kimble*, 784 F.Supp. at 252–53; *Tyree*, 783 F.Supp. at 892. *But see Savko*, 800 F.Supp. at 274–75 (applying *Bradley* presumption and finding no manifest injustice so that retroactive application appropriate); *Tyler*, 793 F.Supp. at 101–102 (same). The *Davis* rule is consistent with the *Bradley* presumption in that it is likely if rights and obligations are effected by retroactive application, it would also follow that manifest injustice would result. *Aiken*, 799 F.Supp. at 531–32; *Tyree*, 783 F.Supp. at 884.

### a. *The Davis Rule*

Applying the *Davis* rule, that a statute should not apply retroactively if pre-enactment rights and obligations would be affected, indicates that Section 102 of the Act should be applied prospectively only. Prior to the Act, a plaintiff was limited to a recovery of backpay or other equitable relief and a bench trial. *Aiken*, 799 F.Supp. at 526. The right to compensatory damages and a jury trial are clearly new obligations imposed by the Act.

As the 7th Circuit remarked in *Luddington v. Indiana Bell Tel. Co.*, 966 F.2d 225, 229 (7th Cir.1992) these changes "can have as profound an impact on behavior outside the

courtroom as avowedly substantive changes" and

> [t]he amount of care that individuals and firms take to avoid subjecting themselves to liability whether civil or criminal is a function of the severity of the sanction, and when the severity is increased, they are entitled to an opportunity to readjust their level of care in light of the new environment created by the change.

Further, according to some courts, the "right to seek compensatory damages in a jury trial against the United States is a major substantive provision." *Tyree,* 783 F.Supp. at 890 (citing *Van Meter,* 778 F.Supp. at 83); *see also Thomas v. Frank,* 791 F.Supp. 470, 476 (D.N.J.1992). Likewise, in *Landgraf v. USI Film Prods.,* the 5th Circuit Court of Appeals distinguished *Bradley* and said "[u]nlike allowing prevailing plaintiffs to recover attorneys' fees as in *Bradley,* the amended damage provisions of the Act are a seachange in employer liability for Title VII violations ... compensatory and punitive damages impose 'an additional or unforeseeable obligation' contrary to the well-settled law before the amendments." *Landgraf v. USI Film Products,* 968 F.2d 427, 433 (5th Cir.1992) (*quoting Bradley,* 416 U.S. at 721, 94 S.Ct. at 2021). For these reasons, the rule espoused in *Davis* dictates that Section 102 should not be applied retroactively.

### b. *The Bradley Presumption*

Even if the *Bradley* presumption in favor of retroactivity was applied, retroactive application of Section 102 would result in manifest injustice and accordingly, prospective application would be appropriate. *See, Aiken,* 799 F.Supp. at 532 n. 6; *Kimble,* 784 F.Supp. at 252–53; *Crumley v. Delaware State College,* 797 F.Supp. 341, 349–352 (D.Del.1992); *Tyree,* 783 F.Supp. at 892. To decide whether manifest injustice would result from retroactive application, the court considers "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon these rights." *Bradley,* 416 U.S. at 717, 94 S.Ct. at 2019.

The nature and identities of the parties in this case favor retroactive application of Section 102. This case involves alleged acts of religious discrimination by a government entity which are matters of public concern. *Crumley,* 797 F.Supp. at 350; *Tyree,* 783 F.Supp. at 892. *But see Kimble,* 784 F.Supp. at 253 (concluding retroactive application is not a matter of significant public concern as retroactive application would provide no deterrent effect and plaintiff's civil rights would be adequately redressed without retroactive application).

When evaluating the nature of the rights involved, a court considers whether retroactive application would "infringe upon or deprive a person of a right that had matured or become unconditional." *Bradley,* 416 U.S. at 720, 94 S.Ct. at 2020. In *Thomas,* the court recognized the right to be free from legal damages and a jury trial in Title VII actions prior to the Act and therefore concluded that retroactive application of Section 102(c) would impinge on the defendant's rights. *Thomas,* 791 F.Supp. at 470–71. *See also Crumley,* 797 F.Supp. at 352 (concluding that "to apply the 1991 Act retroactively would impact substantially on defendant's previous rights"). *But see Kimble,* 784 F.Supp. at 253 ("I can find no basis for an unconditional right in this case."); *Lockley v. Chao,* 812 F.Supp. 246, 253 (D.D.C.1993) (concluding that the Act's provisions only alter the level of damages and therefore retroactive application is appropriate); *Savko,* 800 F.Supp. at 274 (same); *Tyler,* 793 F.Supp. at 101 (same).

The third factor in the manifest injustice test weighs heavily in favor of prospective application of the 1991 Amendments. When evaluating the nature of the impact on defendant's rights, the court considers whether "unanticipated obligations" are created. *Bradley,* 416 U.S. at 720, 94 S.Ct. at 2020. The analysis under the *Davis* rule set forth previously is applicable to this prong of the *Bradley* test and will not be repeated. The compelling reasons set forth previously weigh heavily in favor of prospective application. A balancing of these three factors demonstrates that manifest injustice would result from retroactive application of the Act.

### 4. *The Lockley Case*

The plaintiff tries to persuade the Court to distinguish between a government defendant and a private defendant by adopting the reasoning of the court in *Lockley v. Chao*, 812 F.Supp. 246, 255 (D.D.C.1993). Following the *Bradley* presumption, the *Lockley* court concluded, in direct opposition to the proceeding analysis, that compensatory damages and a jury trial were purely procedural and remedial changes in the law, not unanticipated obligations. *Id.* at 253–55. On the basis of that finding, the *Lockley* court went on to state "that principles of fairness that require notice and a right to be heard before subjecting private parties to retroactive liability do not obtain against the government" and concluded there was no manifest injustice in retroactive application.[5] *Id.* at 255. Because this Court finds that the changes imposed by the 1991 amendments are significant new obligations on the defendant, the court is not persuaded by the *Lockley* court's reasoning.

### 5. *Sovereign Immunity*

■ The limited waiver of sovereign immunity in Title VII actions also precludes retroactive application of the 1991 amendments. *Tyree*, 783 F.Supp. at 892; *Futch*, 782 F.Supp. at 288; *Van Meter*, 778 F.Supp. at 85–86. In Title VII actions, the federal government has waived its sovereign immunity conditioned on the requirement plaintiff first raise claims at the administrative level. *Van Meter*, 778 F.Supp. at 85. In the present case, the administrative review process occurred prior to the effective date of the Act and accordingly, plaintiff's claim for compensatory damages was not reviewed by the appropriate administrative agency. Therefore to allow plaintiff to bring this claim would "deprive the United States of its opportunity to resolve claims for monetary damages at the administrative level and . . .

broaden the jurisdiction of the federal courts to include claims that, contrary to the limited scope of the federal government's waiver of sovereign immunity in this area, had not followed the administrative track still required by Title VII." *Id.*

### 6. *Conclusion*

For the foregoing reasons the defendant's motion to strike plaintiff's demand for compensatory damages and a jury trial is granted.

---

5. District courts in the Third Circuit have not distinguished government defendants from private defendants on this basis, and have applied the Act prospectively against government defendants. *See Tyree*, 783 F.Supp. 877; *Blanding v. Pennsylvania State Police*, 811 F.Supp. 1084 (E.D.Pa.1992); *Thomas v. Frank*, 791 F.Supp. 470 (D.N.J.1992). In *Savko* and *Tyler* which involved government defendants, the courts applied the Act retroactively after finding no manifest injustice would result. Their decisions, however, were based on their determination that compensatory damages were merely a remedial change in the law. *See Savko*, 800 F.Supp. at 274–75; *Tyler*, 793 F.Supp. at 101.