**Robert N. COHEN, Plaintiff,**

v.

**Manuel B. OASIN, Defendant.**

No. 93–CV–6301.

United States District Court,
E.D. Pennsylvania.

March 4, 1994.

---

Dennis L. Friedman, Philadelphia, PA, for plaintiff.

David R. Hoffman, James G. Sheehan, U.S. Atty.'s Office, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter involves plaintiff's motion to disqualify the Office of the United States Attorney (OUSA) as prospective legal counsel of defendant. Plaintiff seeks to have OUSA disqualified from representing defendant due to an alleged nonwaivable conflict of interest. Plaintiff contends that the conflict stems from the representation by OUSA of General Services Administration (GSA), which is a defendant in another action pending before this Court (*Cohen v. Austin*, 826 F.Supp. 922) (E.D.Pa.1993) and which was instituted by plaintiff.

In *Austin*, plaintiff filed suit against GSA alleging claims of religious discrimination and reprisal, as well as appealing the administrative agency's decision to terminate plaintiff from its employ and to deny him a within-grade increase. Plaintiff has now instituted the present action against defendant alleging that he engaged in fraudulent conduct and destruction or concealment of government records while acting as regional counsel for GSA during the previous administrative trial in the *Austin* case. Plaintiff asserts that because defendant was engaged in fraudulent behavior, he was acting outside the scope of his discretionary authority, and therefore, has not been sued in his official capacity.

■ In his motion, plaintiff contends that disqualification is necessary due to the inherent conflict of interest in having OUSA represent both defendants in these cases. Essentially, plaintiff argues that Austin, as administrator of GSA, is responsible for upholding the laws and regulations of GSA. He asserts that one of the regulations requires Austin to·take disciplinary action against persons who violate GSA's standards of conduct. Two of such violations are engaging in immoral conduct and removing, destroying, concealing or falsifying government records. Plaintiff asserts that if OUSA represents defendant in this case, it will face a conflict of interest because it will acquire confidential information from defendant which will show that he acted contrary to GSA's standards. As a result, OUSA will be unable to faithfully carry out its representation of GSA in *Austin*.

■ In considering a motion to disqualify, the Third Circuit has stated that the court should determine if disqualification is the appropriate means to enforce the rule of professional conduct, the ends that the rule was designed to serve and any other countervailing policies such as permitting a party to

retain counsel of his choice. *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.,* 808 F.Supp. 1200, 1203 (E.D.Pa.1992) (quoting *United States v. Miller,* 624 F.2d 1198, 1201 (3rd Cir.1980)). The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible. *Commercial Credit Bus. Loans, Inc. v. Martin,* 590 F.Supp. 328, 335–36 (E.D.Pa.1984). Vague and unsupported allegations are not sufficient to meet this standard. *Id.* Generally, motions to disqualify opposing counsel are not favored. *Commonwealth Ins.,* 808 F.Supp. at 1203 (citing *Hamilton v. Merrill Lynch,* 645 F.Supp. 60, 61 (E.D.Pa.1986)).

Rule 1.7 of the Pennsylvania Rules of Professional Conduct states:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

1) the lawyer reasonably believes the representation will not be adversely affected; and

2) the client consents after full disclosure and consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Pa.Rules of Professional Conduct Rule 1.7 (1993).

The comments state that loyalty to a client is the purpose behind this rule.

A possible conflict does not itself preclude the representation. The critical questions are the likelihood that a conflict will eventuate, and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. Consideration should be given to whether the client wishes to accommodate the other interest involved.

Pa.Rules of Professional Conduct Rule 1.7 cmt. (1993).

Additionally, the regulations concerning when the Department of Justice will undertake representation of a federal employee provide that representation will occur when the employee is sued in his individual capacity, the matter arises from the scope of his employment or when it is otherwise in the interest of the United States. 28 C.F.R. §§ 50.15(a); 50.15(12)(b)(1)–(2) (1993). The regulations further provide that in the case of a conflict of interest between employees in the same case, separate representation within OUSA may be provided to the employees. 28 C.F.R. § 50.15(10) (1993). Finally, the rules regarding attorney-client privilege and confidentiality are equally applicable to attorneys employed by the Department of Justice. 28 C.F.R. § 50.15(3) (1993).

Although there do not appear to be any cases on point, we do not believe that disqualification of OUSA is appropriate in this case. In *Aetna Casualty & Surety Co. v. United States,* 570 F.2d 1197 (4th Cir.1978), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), the Fourth Circuit reversed the district court's decision to disqualify OUSA from representing four air traffic controllers who had been sued for negligence while acting within the scope of their employment. The Fourth Circuit reasoned that there was nothing in the record from which the court could determine that an actual conflict existed. Although the district court had surmised that representation of the multiple defendants could create a conflict of interest because each of the defendants might assert a defense which cast blame on the other defendants, the Fourth Circuit rejected this as mere conjecture by the district court. The Fourth Circuit also reversed because the parties had consented to being represented by OUSA, however, the district court ignored this evidence.

Likewise, in *Kerry Coal Co. v. United Mine Workers of America*, 470 F.Supp. 1032 (W.D.Pa.1979), *aff'd*, 637 F.2d 957 (3rd Cir. 1981), the district court refused to disqualify a law firm representing multiple defendants in a civil case. The court noted that the evidence and plaintiff's arguments did not demonstrate the existence of an actual conflict. It also noted that while the fact that defense counsel planned to present consistent defenses for all of its clients was not dispositive of the issue, given defense counsel's assurances that no conflict existed, it was adequate protection for defense counsel to inform its clients of the possible advantage of retaining separate counsel and to let them determine the question for themselves.

While the above cases dealt with situations involving representation of multiple defendants in the same case, the principles involved are relevant to this case. As in the above cases, there is no proof of an actual conflict of interest in the present case. Plaintiff's argument that OUSA will be faced with a conflict when it receives confidential information from defendant that he acted contrary to GSA's standards amounts to mere conjecture. Simply because plaintiff alleges that defendant acted adversely to the standards of GSA does not mean that this is necessarily true and that a conflict of interest exists. Plaintiff, however, states that the Merit Systems Protection Board granted plaintiff sanctions because government evidence was withheld by GSA during the proceedings in *Austin*. However, even if this is true, there is still insufficient evidence for us to conclude that a conflict of interest exists. Moreover, given that this case has not progressed beyond the filing of the complaint, there is nothing in the record to indicate that a conflict exists.

On the other hand, OUSA asserts that the positions of Mr. Oasin and GSA are not adverse. OUSA asserts that Mr. Oasin was acting within the scope of his employment, and that the charges of tampering are untrue. Indeed, as demonstrated by the regulations above, OUSA would not have agreed to represent Mr. Oasin if, after investigation, it decided he was acting outside his official capacity, his scope of employment or that it

was outside the government's interest to represent him. *See* 28 C.F.R. §§ 50.15(a); 50.-15(12)(b)(1)–(2) (1993). OUSA also notes that it does not appear that any criminal charges will be brought against Mr. Oasin. Moreover, the regulations provide that representation by OUSA will be denied where an employee is the subject of a federal criminal investigation, and seeks representation by OUSA in the federal criminal proceeding or *any related civil proceeding*. 28 C.F.R. § 50.15(7) (1993) (emphasis added). Further, OUSA's position with respect to GSA is that no discrimination occurred. Thus, with regard to the lawsuits, the positions of defendants are not adverse to one another.

Nor does it appear that OUSA cannot adequately represent both clients. "Representation of diverse interests is not uncommon to prominent members of the bar and it cannot serve as a predicate for the disqualification of counsel in this or any other court." *Ciaffoni v. Supreme Court of Pennsylvania*, 550 F.Supp. 1246, 1249 (E.D.Pa.1982), *aff'd*, 723 F.2d 896 (3rd Cir.1983). Moreover, the policies regarding disqualification of counsel have been found not to apply to OUSA by one court because OUSA represents only one client—the United States government. *See Grand Jury Subpoena of Ford v. United States*, 756 F.2d 249, 254 (2nd Cir.1985).

Finally, we note that other protections exist should it be found that a conflict exists. As demonstrated by the regulations, OUSA would not be precluded from representing defendant if a different Assistant U.S. Attorney, other than the one representing GSA, was assigned to represent defendant. Thus, should that situation arise, a "Chinese Wall" could be erected whereby two different Assistant U.S. Attorneys would represent each defendant and they would not speak to one another about their respective cases. *See e.g. Grand Jury*, 756 F.2d at 251. Moreover, Rule 1.7 does not preclude representation in this situation if both parties consent. Thus, should it become apparent that a conflict existed, OUSA would then need to obtain the consent of Mr. Oasin and GSA before representation could continue.

However, given that there is no evidence of a conflict of interest in this case, and

because OUSA assures this Court that no conflict exists and that the defenses of the parties are consistent, we find that plaintiff has not met his burden to have OUSA disqualified.