**Samuel CAGGUILA**

v.

**WYETH LABORATORIES, INC., DIVISION OF AMERICAN HOME PRODUCTS.**

Civ. A. No. 86–3430.

United States District Court, E.D. Pennsylvania, C.D.

Oct. 20, 1989.

Michael E. Shapiro, Philadelphia, Pa. and Mark C. Stephenson, Blue Bell, Pa., for plaintiff.

Michael F. Dougherty, Radnor, Pa., and Lewis Perkiss, and Peggy A. Rabkin, New York City, for defendant.

### OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the defendant's Motion to Disqualify Plaintiff's Counsel, Preclude Certain Evidence, for Sanctions, and to Compel Production of Documents. For the reasons given below, we shall deny in part and grant in part this motion made by the defendant.

Rule 14 of the Local Rules of the United States District Court for the Eastern District of Pennsylvania is entitled "Rules of Disciplinary Enforcement." Sub–Rule IV of Rule 14 states in pertinent part: "The

Code of Professional responsibility adopted by this court is the Code of Professional Responsibility adopted by the Supreme Court of Pennsylvania as amended from time to time by that state court, except as otherwise provided by specific Rule of this court after consideration of comments by representatives of bar associations within the state." In its motion, the defendant alleges that plaintiff's counsel violated Rule 4.2 of the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania on October 16, 1987 and effective, April 1, 1988. Rule 4.2 reads:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

In the instant case, the disputed communication is said to be an *ex parte* statement given by Ron Willis, an employee of the defendant, to plaintiff's counsel. The defendant states that said statement was given without plaintiff's counsel having notified defense counsel of his intention to take it. The defendant argues that such activity on plaintiff's counsel's part violates Rule 4.2.[1]

The defendant in the instant case is a corporation. The Comment to Rule 4.2 states in pertinent part:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization....

Ron Willis is not a manager of the corporation. Nor does it seem clear that the other two prohibitions contained in the Comment apply to him, either. Yet, it does seem clear that, once Mr. Willis' statement had been obtained, plaintiff's counsel would seek to use it in the instant case—as evidence of disparate disciplinary treatment of younger employees on the part of the defendant.

Unfortunately, for the case at bar, no Pennsylvania case law has been found to interpret how broadly Rule 4.2's prohibition may be read. We do believe, however, that the rule's import, *i.e.*, that organization members whose conduct involves the matter in representation should not be the object of *ex parte* communications, should have put plaintiff's counsel on notice as to a potentially serious problem regarding his proposed course of action. In such an uncertain area of ethical conduct, we believe that a prudent attorney would have given notice to opposing counsel of the intent to take such a statement.[2] We shall, therefore, grant the defendant's motion insofar as it pertains to prohibiting the plaintiff's use at trial of any statement, information or evidence obtained or received from Mr.

---

1. The defendant also argues that such conduct violates DR7–104(A)(1) of the American Bar Association Code of Professional Responsibility. The prohibition against *ex parte* communications with a party represented by counsel is substantially the same as that found in Rule 4.2. In Pennsylvania, DR7–104(A)(1), had been the predecessor of Rule 4.2.

2. When a plaintiff wished to contact a corporate defendant's employees on an *ex parte* basis in *Niesig v. Team I*, 149 A.D.2d 94, 545 N.Y.S.2d 153 (1989) that plaintiff was even so cautious as, first, to move the court for authorization to do so. *Niesig*, a recent New York state appellate court decision, construes DR7–104(A)(1) and concludes that this section prohibits *ex parte* contact with employees of an adverse corporate defendant represented by counsel. We are mindful that it is Rule 4.2 of Pennsylvania's Rules of Professional Conduct that we are called upon to construe—including its Comment. We are also mindful that *Niesig* represents only a decision by a New York state appellate court. We do believe, however, that the rationale used by the *Niesig* court in support of its prohibition against *ex parte* contact, based in part, as it is, on the discussion by the United States Supreme Court in *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), of the scope of the attorney-client privilege in a corporate context, is a very well articulated and persuasive one.

Willis by the plaintiff or his attorney.[3]  Mr. Willis may, however, be called as a witness by either side at trial.  We shall deny the defendant's motion, however, as it pertains to disqualifying plaintiff's counsel from further representation in this case and as it pertains to imposing monetary sanctions against plaintiff's counsel.

The defendant has also moved to compel the production of any statement of an employee of the defendant obtained by plaintiff or his attorney relating to the issues in the instant case.[4]  We find that the defendant has made this motion properly pursuant to Fed.R.Civ.P. 37(a)(2) and we shall grant it.  We decline, however, to award expenses pursuant to Fed.R.Civ.P. 37(a)(4).

An appropriate order follows.

### ORDER

AND NOW, this 20th day of October, 1989, upon consideration of the defendant's Motion to Disqualify Plaintiff's Counsel, Preclude Certain Evidence, For Sanctions, and to Compel Production of Documents, and the plaintiff's response thereto, it is hereby ORDERED that said motion is GRANTED IN PART and DENIED IN PART as follows:

1.  defendant's motion to disqualify plaintiff's counsel is DENIED;

2.  defendant's motion to impose monetary sanctions on plaintiff's counsel is DENIED;

3.  defendant's motion insofar as it pertains to prohibiting the use of any statement, information, or evidence obtained or received from Ron Willis by the plaintiff or his attorney is GRANTED;

4.  defendant's motion to compel the production of any statement of an employee of the defendant obtained by the plaintiff or his attorney relating to the issues in this case is GRANTED;

5.  defendant's motion for costs and expenses is DENIED.

---

3.  If, however, the plaintiff should succeed in gathering the same information from a proper source, *e.g.* from a properly noticed deposition, that information may be used at trial.

4.  Plaintiff's counsel argues that the court should disregard the defendant's entire motion because it fails to have attached to it a certificate of counsel as required by Local Rule 24.  It is true that Local Rule 24(f) does require that counsel certify that the parties, after a reasonable effort, have been unable to resolve a dispute concerning discovery.  The motion presently before the court is broader than a simple motion concern-

ing discovery.  Perhaps, it would have been preferable for defendant to append the Local Rule 24(f) certification to this motion; in the circumstances of the instant case, however, we shall look beyond this possible requirement and concentrate on disposing of this many-faceted motion.

