**INORGANIC COATINGS, INC., Plaintiff,**

v.

**Gregg FALBERG, The International Zinc, Coatings & Chemical Corp., and Polyset Chemical Co., Defendants.**

**Civil Action No. 94–5479.**

United States District Court, E.D. Pennsylvania.

Oct. 3, 1995.

Mark B. Schoeller, Duane, Morris & Heckscher, Philadelphia, PA, Charles V. Curley, Clark, Ladner, Fortenbaugh & Young, Philadelphia, PA, Jonathan K. Hollin, Powell, Trachtman, Logan & Carrle, King of Prussia, PA, Ethan N. Halberstadt, Powell, Trachtman, Logan & Carrle, King of Prussia, PA,

Edward C. Toole, Jr., Clark, Ladner, Fortenbaugh and Young, Philadelphia, PA, Jeffrey M. Navon, Duane, Morris and Hechscher, Philadelphia, PA, John J. Soroko, Duane, Morris and Heckscher, Philadelphia, PA, for Inorganic Coatings, Inc.

Howard Langer, Berger & Montague, P.C., Philadelphia, PA, Norman L. Haase, Dunn, Haase, Sullivan, Mallon, Cherner & Broadt, Media, PA, Stanley H. Cohen, Caesar, Rivise, Bernstein, Cohen & Pokotilow, Philadelphia, PA, Robert S. Silver, Philadelphia, PA, Joel M. Sweet, Berger and Montague, P.C., Philadelphia, PA, for Gregg Falberg, the International Zinc, Coatings & Chemical Corp., and Polyset Chemical Co.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Before this Court is Defendants' Motion to Disqualify Plaintiff's Counsel from further participation in this action for violation of Rule 4.2 of the Pennsylvania Rules of Professional Conduct and for production of all notes and memoranda relating to the contact giving rise to the alleged violation. Defendants' motion arises from a telephone conversation between Defendant Gregg Falberg and Plaintiff's counsel prior to the filing of the Complaint. Plaintiff, Inorganic Coatings, Inc. ("ICI"), initially commenced this action to recover damages for trademark infringement and violation of its Disclosure Agreement regarding trade secret protection. For the reasons that follow, Defendants' motion will be granted.

### I. *BACKGROUND*

On August 19, 1994, counsel for Plaintiff, Ethan Halberstadt, sent a letter to Gregg Falberg, stating that ICI would take appropriate legal action if Falberg and his company, International Zinc, Coatings and Chemical Corp. ("International Zinc"), did not cease certain conduct. On August 24, 1994, Halberstadt drafted the Complaint in this matter.

On August 25, 1994, Halberstadt was contacted by attorney Leonard Togman on behalf of Gregg Falberg and International Zinc. In addition to discussing the subject matter of the impending litigation, Mr. Togman attempted to resolve matters before suit was instituted. Togman was not successful in obtaining a settlement.

Later that same day, Halberstadt received a telephone call from Gregg Falberg. Falberg called Halberstadt to again try to settle things without litigation. Halberstadt advised Falberg that it would be best if Halberstadt communicated with Falberg's counsel, but continued speaking with Falberg anyway. The telephone call lasted approximately 90 minutes and consisted of matters relevant to the litigation, including Falberg's relationship with ICI, Falberg's dealings with Defendant Polyset, Falberg's customers, Polyset's manufacturing processes, potential witnesses, and Falberg's opinions of the patents at issue. D–6; D–7. During their conversation, Halberstadt took 24 pages of notes. In the period between Halberstadt's conversation with Falberg and the filing of the Complaint, Halberstadt revised his draft of the Complaint.

On August 30, 1995, a status conference was held in an attempt to resolve a number of outstanding motions before this Court, including Defendants' Motion To Disqualify Plaintiff's Counsel. At the status conference, Plaintiff's counsel requested, and was granted, a hearing on the matter of disqualification. The hearing was held on September 8, 1995. Oral argument took place on September 15, 1995.

### II. *STANDARD*

The Third Circuit has stated that a district court, in exercising its discretionary power,

> should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions.

*United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir.1980). "The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible." *Cohen v. Oa-*

*sin,* 844 F.Supp. 1065, 1067 (E.D.Pa.1994), *citing Commercial Credit Bus. Loans, Inc. v. Martin,* 590 F.Supp. 328, 335–336 (E.D.Pa. 1984).

## III. DISCUSSION

Rule 4.2 of the Pennsylvania Rules of Professional Conduct provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

The rationale behind Rule 4.2 is "to prevent ... a represented party ... [from] be[ing] taken advantage of by adverse counsel; the presence of the party's attorney theoretically neutralizes the contact." *University Patents, Inc. v. Kligman,* 737 F.Supp. 325, 327 (E.D.Pa.1990).

In the instant case, it is undisputed that Halberstadt, Plaintiff's counsel, received a call from an attorney, Togman, prior to his conversation with Defendant Gregg Falberg. It is also undisputed that Togman spoke to Halberstadt in an effort to obtain a settlement of the case on behalf of the Defendants.[1] That Togman's telephone call to Halberstadt occurred just a few hours before Falberg called Halberstadt was enough to put a prudent attorney on notice of the impropriety of talking to Falberg ex parte.[2] Thus, Halberstadt's subsequent telephone discussion of the case with Falberg violated Rule 4.2.[3] However, the issue still remains as to whether disqualification of Plaintiff's

counsel is a proper remedy for the ethical violation in this case.[4]

"One of the inherent powers of any federal court is the the admission and discipline of attorneys practicing before it." *In re Corn Derivatives Antitrust Litigation,* 748 F.2d 157, 160 (3d Cir.1984), *cert. denied sub nom., Cochrane & Bresnahan v. Plaintiff Class Representatives,* 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985).

> Courts have vital interests in protecting the integrity of their judgments, maintaining public confidence in the integrity of the bar, eliminating conflicts of interest, and protecting confidential communications between attorneys and their clients. To protect these vital interests, courts have the power to disqualify an attorney from representing a particular client.

*Commonwealth Ins. Co. v. Graphix Hot Line, Inc.,* 808 F.Supp. 1200, 1203 (E.D.Pa. 1992). In addition, a district court "must be mindful that its business is to dispose of litigation and not to act as a general overseer of the ethics of those who practice before it *unless* the questioned behavior taints the trial of the cause before it." *Plunto v. Wallenstein,* 1986 WL 15007, *3 (E.D.Pa.1986). Thus, "[i]n determining the proper sanction or remedy [for violating Rule 4.2], the court must consider the clients right to be represented by the counsel of his choice, as well as the opposing party's right to prepare and try its case without prejudice." *Kligman,* 737 F.Supp. at 329.

Here, Gregg Falberg, one of the Defendants in this case, initiated a telephone conversation with Plaintiff's counsel in an at-

---

**1.** Plaintiff's argument that no attorney-client relationship existed between Togman and Gregg Falberg prior to the communication at issue cannot be taken seriously as sufficient justification for Halberstadt's lengthy ex parte conversation with Falberg on the telephone. Halberstadt himself recognized the potential problem at issue when he advised Falberg that it would be best if Halberstadt spoke to Falberg's attorney. Halberstadt Affidavit, ¶ 6.

**2.** "There is a difference between doing something one believes to be proper and later learns is not ... and doing something the propriety of which one knows is in doubt." *University Patents, Inc. v. Kligman,* 737 F.Supp. 325, 329 (E.D.Pa.1990).

**3.** Defendants correctly point out that the Comment to Rule 4.2 of the Pennsylvania Rules of Professional Conduct states: "This Rule also covers any person, whether or not a party to any formal proceeding, who is represented by counsel concerning the matter in question." *Id.* Thus, the fact that the ex parte communication at issue occurred prior to the filing of the Complaint in this action has no bearing on Halberstadt's ethical violation.

**4.** "[A] violation of professional ethics does not in any event automatically result in disqualification of counsel." *W.T. Grant Co. v. Haines,* 531 F.2d 671, 677 (2d Cir.1976).

tempt to sell the settlement proposal which his attorney had failed to do earlier that same day. Halberstadt did advise Falberg that it would be best if Halberstadt spoke to his attorney, but, nevertheless, continued the conversation with Falberg, despite the ethical ramifications. This ex parte communication lasted for over 90 minutes and related to numerous matters pertinent to litigation, including Falberg's relationship with ICI, Falberg's dealings with Defendant Polyset, Falberg's customers, Polyset's manufacturing processes, potential witnesses, and Falberg's opinions of the patents at issue. D–6; D–7. Thus, there is sufficient evidence to conclude that Halberstadt's hour and a half telephone conversation discussing the merits of the impending lawsuit with the opposing party, without the presence of his counsel, would severely prejudice the Defendants, and disqualification is required. See Papanicolaou v. Chase Manhattan Bank, N.A., 720 F.Supp. 1080 (S.D.N.Y.1989) (district court held that conduct of attorney in discussing merits of case with opposing party for one and one-half hours outside presence of counsel warranted disqualification).

Plaintiff has argued that "[t]he record is silent with respect to any actual prejudice which would be suffered by the defendants as a result of continued representation." Plaintiff's Supplemental Memorandum, p. 7. However, Defendants have pointed to several examples of interpretation, analysis, and strategy that Falberg discussed with Halberstadt during the August 25th telephone conversation. Defendants' Reply Memorandum, p. 15; D–6; D–7. Plaintiff responds that there was nothing learned from the subject conversation which has or could influence this litigation and which was not already known to Mr. Halberstadt or since made available to him. Thus, Plaintiff concludes that Falberg did not suffer the prejudice that might support disqualification.

In Papanicolaou v. Chase Manhattan Bank, 720 F.Supp. 1080 (S.D.N.Y.1989), similar arguments were made regarding the prejudice necessary to support disqualification. Id. at 1085. The Court cited Zeller v. Bogue Electric Manufacturing Corp., 71 Civ. 5502 (S.D.N.Y. Mar. 11, 1975), for the proposition that disqualification is required where the substance of the ex parte discussion "went to the nub of the lawsuit ... [in order] 'to protect [the adverse party] from any unfair advantage [the attorney] might have achieved by the improper [contact].'" Papanicolaou, 720 F.Supp. at 1085. In addition, the court stated that the rule of professional conduct "quite clearly puts the responsibility on the attorney to avoid such [communications]." Zeller, supra, slip op. at 6. Furthermore, the court found little to distinguish the attorney's violation of Rule 4.2 from violations of Canons 4 and 5, which require disqualification. Papanicolaou, 720 F.Supp. at 1085. The same is true for the case at hand.

Plaintiff also argues "that ICI would clearly be separated from its counsel of choice and prejudiced if the disqualification was ordered." Plaintiff's Supplemental Memorandum, p. 7. While this court recognizes the importance of ICI's right to counsel of its choice and that Halberstadt and his law firm have been engaged for over a year in the investigation and preparation of this lawsuit, "[t]hese considerations must yield, however, to considerations of ethics which run to the very integrity of our judicial process." Hull v. Celanese Corp., 513 F.2d 568, 572 (2d Cir.1975); see also Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F.Supp. 1200, 1203 (E.D.Pa.1992). Moreover, Defendants point out that disqualification of Plaintiff's counsel will not adversely affect ICI because ICI has recently retained Duane, Morris & Heckscher as its counsel in a second suit against Defendants before this Court, alleging patent infringement, based on the same facts in this case. Defendants Reply Brief, p. 4. Thus, while "[t]he United States District Court of the Eastern District of Pennsylvania has recognized that a party's 'choice of counsel is entitled to substantial deference,'"[5] such a factor is of limited concern under the particular facts of this case.

Lastly, Defendants request production of all notes and memoranda relating to Halber-

5. Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F.Supp. 1200, 1203 (E.D.Pa.1992), citing Hamilton v. Merrill Lynch, 645 F.Supp. 60, 61 (E.D.Pa.1986).

stadt's ex parte contact giving rise to the Rule 4.2 violation.[6] "This type of equitable relief has been ordered where, as here, a party circumvents discovery procedures in order to gain an unfair advantage in litigation.[7] A court has authority to prohibit or remedy litigation practices which raise ethical concerns or may constitute ethical violations." *Kligman*, 737 F.Supp. at 329 (citations omitted). Such a remedial measure is appropriate in this case.

Based on the above, Defendants' Motion to Disqualify Plaintiff's Counsel (Halberstadt and his law firm) from further participation in this action for violation of Rule 4.2 of the Pennsylvania Rules of Professional Conduct is granted. Plaintiff and its counsel will also be required to produce all notes and memoranda related to the ex parte contact with Defendant Gregg Falberg. In addition, this Court will allow ICI ten days to obtain new counsel, which counsel will certify that it does not have access to the information obtained pursuant to the unethical communication. Finally, this court will seal all of the records containing reference to the unethical communication.

An appropriate order will be entered.

### ORDER

AND NOW, this 3rd day of October, 1995, upon consideration of Defendants' Motion to Disqualify Plaintiff's Counsel for violation of Rule 4.2 of the Pennsylvania Rules of Professional Conduct and for production of all notes and memoranda relating to the contact giving rise to the violation, and Plaintiff's response thereto, and following a hearing and argument thereon, it is hereby ORDERED:

1. Defendants' Motion to Disqualify Plaintiff's Counsel, Ethan Halberstadt, Esquire, and the law firm of Powell, Trachtman, Logan, Carrle & Bowman, P.C., is GRANTED. Within ten (10) days of the date this Order is filed Plaintiff's counsel will withdraw from this case and new counsel for Plaintiff Inorganic Coatings, Inc. ("ICI"), shall enter its appearance and certify that it

does not have access to the information obtained pursuant to the unethical communication at issue;

2. Defendants' Motion to Compel the production of all evidence obtained through Mr. Halberstadt's ex parte communication with Defendant Gregg Falberg is GRANTED. Within ten (10) days of the date this Order is filed, Plaintiff and its counsel shall produce all notes and memoranda relating to such ex parte communication and all of the records containing reference to the unethical contact shall be sealed; and .

3. Plaintiff's counsel shall have an additional ten (10) days to turn over Plaintiff ICI's file to its new counsel.

---

**6.** Plaintiff submits it has already turned over the three documents which contain the information derived from the telephone conversation at issue.

**7.** *See Cagguila v. Wyeth Laboratories, Inc.,* 127 F.R.D. 653 (E.D.Pa.1989); *Haffer v. Temple University,* 115 F.R.D. 506 (E.D.Pa.1987).