

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# EEOC v. Hora Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"EEOC v. Hora Inc" (2007). *2007 Decisions.* Paper 861.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/861

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5393

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION;
MANESSTA BEVERLY,
Plaintiff/Intervenor in District Court

v.

HORA, INC. d/b/a DAYS INN; MARSHALL MANAGEMENT, INC.

JANA R. BARNETT,
Appellant pursuant to F.R.A.P. 12(a)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 03-cv-01429)
District Judge: The Honorable Gene E.K. Pratter

Argued: May 21, 2007

Before: BARRY, CHAGARES and TASHIMA*, Circuit Judges.

(Filed June 29, 2007)

OPINION OF THE COURT

TASHIMA, Circuit Judge:

*Honorable A. Wallace Tashima, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Jana R. Barnett, Esq., appeals an order of the district court finding her in violation of the Pennsylvania Rules of Professional Conduct ("PRPC" or "Rules") and therefore disqualifying her from representing Manessta Beverly in a lawsuit against Beverly's former employer, HORA, Inc., d/b/a Days Inn, and Marshall Management (together "Defendants"), the management company for Days Inn. The Equal Employment Opportunity Commission ("EEOC") filed suit against Defendants, alleging that Beverly's supervisor, Nelson Garcia, created a sexually-hostile working environment by harassing Beverly and other female employees, and that Defendants retaliated against Beverly by firing her when she complained about Garcia's conduct. The district court disqualified Barnett from representing Beverly in the EEOC action, based on Barnett's allegedly improper contact with another HORA employee, Debbie Richardson.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

## I.

In reviewing an attorney disqualification issue, this court first exercises "plenary review to determine whether the district court's disqualification was arbitrary – 'the product of a failure to balance proper considerations of judicial administration against the right to counsel.'" United States v. Stewart, 185 F.3d 112, 120 (3d Cir. 1999) (quoting United States v. Voigt, 89 F.3d 1050, 1074 (3d Cir. 1996)). If we conclude that the district court's decision

---

[1] We assume without deciding that Richardson was neither a client of Barnett nor consulted Barnett for the purpose of deciding whether to then become a client of hers.

2

was not arbitrary, we then determine whether the district court abused its discretion in disqualifying the attorney.  Id.

## II.

The district court relied primarily on Rule 4.2 of the PRPC in deciding to disqualify Barnett.[2]  Rule 4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

PRPC 4.2.  "The rationale behind Rule 4.2 is 'to prevent . . . a represented party . . . [from] be[ing] taken advantage of by adverse counsel; the presence of the party's attorney theoretically neutralizes the contact.'"  Inorganic Coatings, Inc. v. Falberg, 926 F. Supp. 517, 519 (E.D. Pa. 1995) (quoting Univ. Patents, Inc. v. Kligman, 737 F. Supp. 325, 327 (E.D. Pa. 1990)) (alterations in original); see also Carter-Herman v. City of Phila., 897 F. Supp. 899, 901 (E.D. Pa. 1995) ("The purpose of Rule 4.2 is to prevent lawyers from taking advantage of uncounselled lay persons and to preserve the efficacy and sanctity of the lawyer-client relationship.").  The explanatory comment provides that,

> [i]n the case of a represented organization, this Rule prohibits communications with

---

[2]    We write only for the parties and therefore do not state the facts separately.

a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

Id., cmt. 7. Rule 4.2, therefore, would have prohibited communication between Barnett and Richardson if Richardson were an employee who regularly consulted with Defendants' lawyer regarding the matter, or if she had authority to obligate Defendants with respect to the matter, or if her acts in connection with the harassment claim could be imputed to Defendants for liability purposes.

We conclude that Richardson's role at Days Inn did not bring her within the scope of Rule 4.2. "The underlying policy and Official Comment to the Rule [4.2] make clear that it was intended to forbid *ex parte* communications with all institutional employees whose acts or omissions could bind or impute liability to the organization or whose statements could be used as admissions against the organization, presumably pursuant to Federal Rule of Evidence 801(d)(2)(D)." Univ. Patents, 737 F. Supp. at 328; see also McCarthy v. Se. Pa. Transp. Auth., 772 A.2d 987, 993 (Pa. Super. Ct. 2001) ("The key information needed by the trial court to determine if an employee qualifies for protection from ex parte communication with opposing counsel is what status that employee has within the employee's organization,

4

i.e., whether, by virtue of the employee's status, a statement made by this employee could impute liability to the company."). There is no evidence in the record to support the conclusion that Richardson regularly consulted with Defendants' lawyer regarding the matter or that her acts or omissions could obligate or impute liability to Defendants with respect to the matter.

Richardson's role as an administrative assistant is different from that of the employees in cases in which Rule 4.2 has been found to apply. For example, in Weeks v. Indep. Sch. Dist. No. I-89, 230 F.3d 1201 (10th Cir. 2000), counsel for the plaintiff, a former bus driver for a school district, engaged in ex parte communications, on matters relevant to the case, with an operations supervisor for the school district and with the plaintiff's immediate supervisor. Both employees had managerial authority over issues in the underlying litigation and could have made statements that would bind the school district and therefore came within the scope of Rule 4.2 of the Oklahoma Rules of Professional Conduct.[3] Id. at 1210-11; see also Carter-Herman, 897 F. Supp. at 903 (examining "the written job descriptions of the various ranks of the Philadelphia Police Department for the purpose of determining who has managerial responsibility"); McCarthy, 772 A.2d at 993-94 (concluding that the trial court erred in removing counsel where "the trial court did not make a finding of fact or even state on the record that the witnesses were employees whose statements may constitute admissions for the purposes of [Rule 4.2]"). Defendants, in fact, did not rely on Rule 4.2 in

---

[3] Oklahoma Rule 4.2 is essentially the same as Pennsylvania's.

their motion to disqualify Barnett because they conceded that Richardson had no managerial authority in the company.[4]

Moreover, even if Richardson were covered by Rule 4.2, the district court did not indicate how Defendants were prejudiced by Barnett's communications with Richardson. See Univ. Patents, 737 F. Supp. at 329 (stating that, "[i]n determining the proper sanction or remedy [in the case of a Rule 4.2 violation], the court must consider the client's right to be represented by the counsel of his choice, as well as the opposing party's right to prepare and try its case without prejudice," and concluding that there was "not sufficient evidence . . . to conclude that plaintiff has been so severely prejudiced that the draconian measure of disqualification of counsel" was warranted) (internal quotations omitted). Defendants conceded at the hearing on the motion to disqualify Barnett that all of the information that Barnett received from Richardson was disclosed during discovery. Because Defendants accordingly were not prejudiced by Barnett's communications with Richardson, the draconian measure of disqualification was not warranted.

The district court's reliance on Rule 4.4, which prohibits a lawyer from using methods of obtaining evidence that violate the legal rights of a third person, similarly suffers from a lack of evidence of prejudice to Defendants. To repeat, all of the evidence that Barnett received from Richardson was produced during discovery, and there is no indication that

---

[4] The EEOC also took the position that Rule 4.2 did not apply in these circumstances.

Defendants were prejudiced by Barnett's receipt of the evidence. Moreover, Barnett specifically stated in her verified statement that she did not rely on information she had received from Richardson regarding a conversation between Defendants and their counsel, because Barnett knew that the information was privileged. There is no evidence to the contrary. Nor is there evidence to support the district court's conclusion that Barnett encouraged Richardson to disclose to her all the information she learned through her employment.[5]

The district court also relied on Rule 3.7, which forbids a lawyer from "act[ing] as advocate at a trial in which the lawyer is likely to be a necessary witness." PRPC 3.7(a). The district court reasoned that Barnett's testimony might be necessary to Defendants' theory of the case that the information provided to the EEOC resulted from Barnett's "fueling" a personal vendetta by a disgruntled Richardson, who was angry with management and did not get along with her supervisor. If this was Defendants' defense – that they did nothing wrong, and that the EEOC claim was nothing more than a personal vendetta by Richardson – it is possible that Barnett would be a necessary witness. However, it is highly unlikely that this would be their defense, in light of the fact that Beverly and several other women named numerous specific incidents of sexual harassment by Garcia and of management doing nothing in response. Moreover, Rule 3.7 provides an exception if the disqualification of the

---

[5]    For substantially the same reasons, we conclude that Barnett's conduct also did not violate Rule 8.4.

lawyer would work substantial hardship on the client, an issue that the court barely discussed. Because of the highly speculative nature of the theory that Barnett manipulated Richardson into acting, and the hardship to Beverly of disqualifying her attorney, Rule 3.7 does not provide a sufficient basis on which to disqualify Barnett.

For the foregoing reasons, we conclude that the district court abused its discretion in imposing the severe sanction of disqualification.[6]

---

[6] Because we reverse on the grounds set forth above, we need not reach Barnett's argument that Rule 4.2 is unconstitutionally vague.