**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Jimmie SANDERS, et al., Defendants.**

**Civil Action No. 12–3052.**

United States District Court, E.D. Pennsylvania.

Sept. 25, 2013.

Cy Goldberg, Matthew A. Moroney, Richard Michael Castagna, Goldberg, Miller & Rubin, PC, Philadelphia, PA, for Plaintiff.

Andrew Patrick Baratta, Baratta Russell & Baratta, Huntingdon Valley, PA, for Defendants.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

## I. INTRODUCTION

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") brings suit against Defendants Jimmie Sanders and Back on Trac, P.C., alleging that Defendants engaged in systematic and widespread medical insurance fraud. Sanders is the owner of Back on Trac, P.C., a business that provides chiropractic, medical, acupuncture and physical therapy services to its patients. As part of discovery, State Farm has interviewed and deposed several of Defendants' patients. Additionally, State Farm has sought discovery from Donna Giddings, Christopher Giddings, and Christopher L. Giddings, P.C. (collectively, the "Giddings"). Donna Giddings was a corporate officer of Back on Trac. Christopher Giddings is an attorney who operates the law firm, Christopher L. Giddings, P.C. (the "Law Firm"), which represented approximately 130 patients of Defendants in personal injury lawsuits. State Farm alleges that the billing claims submitted by Defendants for the 130 patients represented by the Law Firm were fraudulent. Currently before me is the Giddings' motion for protective order. For the reasons stated below, I will grant the motion in part and deny the motion in part.

## II. DISCUSSION

The Giddings request two separate types of relief in their protective order: (1)

an order prohibiting State Farm from requesting any additional discovery from Christopher Giddings, Donna Giddings, the Law Firm, or any current or former employee of the Law Firm; and (2) an order prohibiting State Farm and its counsel from directly contacting any current or former employee and any current or former client of the Law Firm regarding this litigation.

### A. Additional Discovery Requests

Federal Rule of Civil Procedure 26(c) provides: "A party or any person from whom discovery is sought may move for a protective order. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Giddings have not established that there is good cause to prohibit State Farm from requesting discovery from Christopher Giddings, Donna Giddings, the Law Firm, or any current or former employee of the Law Firm. Therefore, this portion of their motion for a protective order is denied.

### B. Direct Contact with Employees or Clients of the Law Firm

The Giddings seek to prevent State Farm from directly contacting any current or former employee and any current or former client of the Law Firm regarding this litigation. Relying on Pennsylvania Rule of Professional Conduct 4.2,[1] the Giddings argue that State Farm may only communicate with these individuals through counsel for the Law Firm. Rule 4.2 provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person

---

1. Local Rule 83.6 of the United States District Court for the Eastern District of Pennsylvania states that the Pennsylvania Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania are the rules adopted by this court absent a specific rule of this court to the contrary.

the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Pa. R.P.C. 4.2. "The purpose of Rule 4.2 is to prevent lawyers from taking advantage of uncounselled lay persons and to preserve the efficacy and sanctity of the lawyer-client relationship." *Carter–Herman v. City of Phila.*, 897 F.Supp. 899, 901 (E.D.Pa.1995). "The Comment accompanying [the] Rule explains and illustrates the meaning and purpose of the Rule. . . . The Comments are intended as guides to interpretation, but the text of each Rule is authoritative." Pa. R.P.C. Preamble and Scope.

### 1) Current Employees

The Giddings seek to prevent State Farm from directly contacting current employees of the Law Firm. Comment 7 to Rule 4.2 provides:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

Pa. R.P.C. 4.2, cmt. 7. Although the Giddings have not explained the role that each current employee plays in the organization, I will grant, in part, this portion of the Giddings' motion for protective order, and prohibit State Farm from directly contacting any current employee "who supervises, directs or regularly consults with the

organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." Pa. R.P.C. 4.2, cmt. 7; *see also E.E.O.C. v. Hora, Inc.*, 239 Fed.Appx. 728, 730–31 (3d Cir.2007) (applying Comment 7 to determine whether Rule 4.2 prohibits *ex parte* communication with a specific current employee); *In re Asbestos Products Liab. Litig. (No. IV)*, MDL No. 875, 2013 WL 4833839, at *3–4 (E.D.Pa. Sept. 10, 2013) (same). To the extent that State Farm seeks discovery from any current employee who does not fall within any of the above categories of individuals prohibited from directly communicating with counsel, the Giddings' motion for protective order is denied.

### 2) Former Employees

Additionally, the Giddings seek to prevent State Farm from directly contacting former employees of the Law Firm. However, Comment 7 to Rule 4.2 explicitly states: "Consent of the organization's lawyer is not required for communication with a former constituent."[2] Pa. R.P.C. 4.2, cmt. 7. Therefore, the Giddings' motion for protective order to prohibit State Farm from directly contacting former employees is denied.

### 3) Current and Former Clients

■ Lastly, the Giddings seek to prevent State Farm from directly contacting current and former clients of the Law Firm. The Giddings claim that they represent all of their current and former clients in this insurance fraud case because it is

---

**2.** The current version of Rule 4.2 became effective January 1, 2005. The current commentary expressly permits *ex parte* communication with former employees. Prior to 2005, however, the commentary did not explicitly address the applicability of Rule 4.2 to former employees.

related to the personal injury cases that the Law Firm brought on behalf of its clients. However, as State Farm points out, a standard contingent fee agreement limits the scope of the Law Firm's representation of these clients.[3] In each standard contingent fee agreement, the client stated, "I hereby retain and employ [the "Law Firm"] .... and any attorney designated by it as my attorneys to prosecute a claim for personal injury and/or property damage accruing on or about, against all responsible parties...." Pl.'s Resp. Ex. D. Thus, this insurance fraud case is not within the agreed upon scope of representation.

Rule 4.2 prohibits *ex parte* communications "with a person the lawyer knows to be represented by another lawyer in **the matter**...." Pa. R.P.C. 4.2 (emphasis added). Comment 2 explains that Rule 4.2 "applies to communications with any person who is represented by counsel concerning the matter to which the communication relates." *Id.*, cmt. 2. Moreover, Comment 4 explicitly states that Rule 4.2 "does not prohibit communication with a represented person, or an employee or agent of such a person, concerning matters outside the representation." *Id.*, cmt. 4. State Farm may engage in *ex parte* communications with current and former clients because, as the contingent fee agreements make clear, they are not represented by the Law Firm in this insurance fraud matter. *See Griffin–El v. Beard*, No. 06–2719, 2009 WL 2929802, at *7–8 (E.D.Pa. Sept. 8, 2009) (concluding that no violation of Rule 4.2 had occurred where counsel contacted a person who was represented in a different matter, but was not represented in the case at issue). Therefore, this portion of the motion for a protective order is denied because the Law Firm's representation of these clients does not extend to this insurance fraud case.[4]

## III. CONCLUSION

For the reasons set forth above, the Giddings' motion for a protective order is granted in part and denied in part.

### *ORDER*

**AND NOW**, this 25th day of September, 2013, it is **ORDERED** that Christopher Giddings, Donna Giddings, and Christopher L. Giddings, P.C.'s Motion for a Protective Order (ECF No. 129) is **GRANTED in part** and **DENIED in part** as follows:

• The Giddings' request for an order prohibiting State Farm from requesting any additional discovery from Christopher Giddings, Donna Giddings, Christopher L. Giddings, P.C., or any current or former employee of Christopher L. Giddings, P.C. is **DENIED;**

• The Giddings' request for an order prohibiting State Farm and its counsel from directly contacting any current employee of Christopher L. Giddings, P.C. regarding this litigation is **GRANTED in part** and **DENIED in part**. State Farm is **only prohibited** from directly contacting any current employee who supervises, directs or regularly consults with the organization's lawyer concerning the matter or

---

**3.** At the conference held on September 18, 2013, State Farm produced a sample of the law firm's standard contingent fee agreement that each client signs to commence representation. Counsel for Christopher Giddings, P.C. did not dispute the validity of this document or its standard use with all clients.

**4.** If any client retains the Law Firm to represent him/her in this insurance fraud case, then Rule 4.2 will prohibit State Farm from engaging in *ex parte* communications with that client as long as State Farm is made aware of the Law Firm's representation of that client in this matter.

has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. All contact with current employees who may not be directly contacted must be made through counsel for Christopher L. Giddings, P.C;

• The Giddings' request for an order prohibiting State Farm and its counsel from directly contacting any former employee of Christopher L. Giddings, P.C. regarding this litigation is **DENIED;** and

• The Giddings' request for an order prohibiting State Farm and its counsel from directly contacting any current or former clients of Christopher L. Giddings, P.C. regarding this litigation is **DENIED.**